## STONER v. WEISS.

No. 14501—Opinion Filed Jan. 15, 1924.

(Syllabus.)

**1. Divorce—Modification of Decree—Provision for Child—Pleading.**

Under section 507, Comp. Stat. 1921, a decree of divorce which fails to make any provision for the support and education

of a minor child of the parties may be modified so as to provide for the support and education of such child, whenever circumstances render such change proper, and such modification may be made upon a supplemental petition in the original action.

**2. Pleading—Nature of Pleading—Effect of Title.**

An instrument filed in the original action having the requisites of a supplemental petition, will be treated as such, though designated a motion by the pleader.

**3. Divorce—Supplemental Petition to Modify Decree—Process.**

When a modification of the decree is sought in the original action by filing a supplemental petition, it is unnecessary to have a summons issued and served, as the court has continuing jurisdiction in the action and has jurisdiction to hear and determine the subject-matter of the supplemental petition upon notice given to the opposite party.

**4. Same—Monthly Payments for Future Education of Child.**

The modification entered in this case, which ordered the father of the child to pay the sum of $20 per month into the clerk of the court to be paid out under the orders of the court, as the needs of the child required, was within the authority granted by section 507, Comp. Stat. 1921. although the court found that the child did not need any additional support at that time, as the court is authorized to provide for the education of the minor, and this may be done by requiring the monthly payment of a certain sum in order to accumulate a sufficient amount to provide for the future education of the child.

Error from District Court, Garfield County; James B. Cullison, Judge.

Supplemental petition by Ethel Evelyn Stoner Weiss against Worthy E. Stoner to modify divorce decree. Decree modified, and the latter brings error. Affirmed.

Curran & Kruse, for plaintiff in error.

Dan Huett, for defendant in error.

COCHRAN, J. On June 30, 1914, Worthy E. Stoner procured a divorce from his wife, Ethel Evelyn Stoner, and three children were given into the custody of Worthy E. Stoner, and one child, Worthy Evelyn Stoner, was given into the custody of Mrs. Stoner. The decree was silent as to the support of the children. Both parties subsequently married, and on the 7th day of December, 1922, Mrs. Ethel Evelyn Stoner, now Weiss, filed her motion in the original case, asking the court to modify the decree so as to require Worthy E. Stoner to pay a reasonable amount for the support of Worthy Evelyn Stoner. After a hearing on the motion the court entered an order modifying the original decree so as to require Worthy E. Stoner to pay to the court clerk of Garfield county, Okla., on the first day of each month, the sum of $20, to be paid out by the court clerk for the use and benefit of said child upon the further order of the court or judge thereof. Worthy E. Stoner has appealed from the order so made.

It is contended by the plaintiff in error that the court erred in overruling the objection to the jurisdiction of the court. It is his contention that the proceedings for the modification of the original decree should have been by a supplemental petition in the original proceeding or by independent suit and not by a motion in the original suit, and that service should have been obtained by summons. Section 507, Comp. Stat. 1921, provides:

"When a divorce is granted, the court shall make provision for guardianship, custody, support, and education of the minor children of the marriage, and may modify or change any order in this respect, whenever circumstances render such change proper, either before or after final judgment in the action."

In Holt v. Holt, 23 Okla. 639, 102 Pac. 187, this court said:

"Under this statute we entertain no doubt that any change or modification, or any order in reference to the child. should be made on motion in the original action, but there is no specific limitation in our statutes requiring the action to vacate or modify a judgment or decree for fraud practiced in obtaining the same to be brought in the original action."

In State ex rel. Mays v. Breckenridge, 43 Okla. 711, 142 Pac. 407, the court said:

"This statute was construed in Kendall v. Kendall. 5 Kan. App. 688, 48 Pac. 940, as granting to the court a continuing jurisdiction over the guardianship, custody, and support of minor children in divorce cases. This construction we think inevitable from the plain terms of the statute; and the fact that a court neglects to make an order at the time of granting the decree of divorce cannot—in our opinion does not—operate to oust the court of jurisdiction to make such an order subsequently, when his attention is called thereto."

In Horn v. Horn, 80 Okla. 60. 194 Pac. 102, the court said:

"Should the father fail to carry out his part of the contract to provide for the daughter, then this issue may be raised in the lower court at any time either by a supplemental petition in the original proceeding or by independent suit, even though the case may have gone to final judgment or an appeal in this court pending."

To the same effect is Bondies v. Bondies, 40 Okla. 164, 136 Pac. 1089.

In the instant case, although the instrument filed was designated a motion, it contained all of the requisites of a supplemental petition, and evidence was introduced in support of the same and it was considered by the trial court as a supplemental petition. When a modification is sought by filing a supplemental petition in the original action, it is unnecessary to have a summons issued and served, as the court has continuing jurisdiction in the action and has jurisdiction to hear and determine the subject-matter of the supplemental petition upon notice given to the opposite party.

The plaintiff in error next contends that the court erred in entering an order requiring the plaintiff to pay $20 per month for the support of his minor child, because the court found that the child did not require this additional money for its present support. It is also contended that the court should not have modified the decree, because the evidence failed to show a change in the relative condition of the parties since the time of entering the original decree. The authority for modifying this judgment is granted by section 507, Comp. Stat. 1921.

In our opinion the modification of the original decree was justified by the evidence, and the changed circumstances since the rendition of the original decree rendered the modification proper. The evidence discloses that, at the time the original decree was entered, both parties to the suit were practically without property and the little property which they had was turned over to Mrs. Stoner and three of the children were taken by Mr. Stoner and one by Mrs. Stoner, and each has subsequently cared for, supported, and educated the children given into their care. Each of the parties has subsequently married and the changed circumstances, conditions, and burdens resulting from those marriages should be taken into consideration. The financial condition of Mr. Stoner has greatly improved, however, with the passing of the years and his earning ability has greatly increased, as well as his actual earnings, and, while the support of the child which was given into the custody of its mother, in addition to the support of the three children which were given to Mr. Stoner, would have placed a very heavy burden upon him at the time the decree was entered, it is apparent that he can contribute the $20 per month to the support of this child with great ease at this time. We are of the opinion, therefore, that the testimony shows a sufficient change in circumstances and conditions to justify the modification of the order.

As to the contention that the order was erroneous because the trial court found that the child did not need any additional support at that time, it appears that it was the intention of the trial court to provide for the future of this child, and, as far as possible, to accumulate a fund in addition to the amounts required for the present needs of the child from which the child might be properly supported and educated. In doing this, we are of the opinion that the trial court was acting within the authority granted under section 507, Comp. Stat. 1921. The trial court was permitted to look after the future of this child as much as the parents of the child. Had these parents continued to live together, their natural affection for the child would have, to a large degree, safeguarded the child's future; but having separated and the child, by reason of this separation, having lost the opportunity of being protected by the mutual efforts of parents interested in its welfare, it was the duty of the court, as far as possible, to safeguard the future of the child, having in mind all of the circumstances surrounding the child and various interested parties. The statute does not require that the fund provided for the custody, support, and education of the child should be for its immediate support, and there can be no good reason for holding that the court cannot provide a fund which, if properly safeguarded, will enable the child to have an education, which she otherwise would never have and which can be accomplished without working a hardship on any person. In Kendall v. Kendall (Kan.) 48 Pac. 940, the court held that the payments required by the modified judgment should commence at the date of the modification and not at the date of the original decree, and to the same effect is the case of Bondies v. Bondies, supra; but, in the instant case, the modified order provided for payments only from the date of the modified order and provides for the future support and education of the minor. What we have said in this regard applies also to the objection made that it was error for the court to order the payment of the $20 per month to the court clerk to be paid out upon the orders of the court. The order as made was for the purpose of safeguarding the rights of the minor and to render certain that this fund would be used for the support and education of this minor. The court was authorized to provide for the support and education of the minor and was authorized to make all reasonable orders to see that

the money paid was used for the support and education of the minor.

It is our opinion that the judgment of the trial court should be affirmed, and it is so ordered.

JOHNSON, C. J., and McNEILL, KENNAMER, HARRISON, MASON, and LYDICK, JJ., concur.