## BOULANGER v. BOULANGER.

No. 17686.   Opinion Filed Oct. 11, 1927.

(Syllabus.)

**1. Divorce—Allowance for Support of Wife and Child—Construction of Decree.**

Where, in a divorce action brought by a husband, the wife files a cross-petition asking for divorce, alimony, and the care and custody of the minor children, a decree of divorce is granted to the defendant on her cross-petition, which awards the care and custody of a minor child to defendant, and further provides that the plaintiff pay to the defendant the sum of $200 per month for the reasonable support of herself and said minor child during the minority of the child, such monthly payments will be deemed to be for the support, maintenance, and education of the minor child.

**2. Same—Invalidity of Decree as to Alimony.**

Such provision in the decree is invalid as for alimony to the wife, where no definite sum to be paid is fixed, but is valid as for support and maintenance of the minor child.

**3. Same—Modification of Decree.**

Such decree may be modified by the court at any time after final judgment under the provisions of section 507, C. O. S. 1921, upon proper showing.

**4. Same—Change in Condition to Justify Modification.**

Where a final judgment affecting support and maintenance of a minor child is sought to be modified, there must be shown a change of condition of the parties, such as to render such modification proper, and where no such change of condition is shown, an order refusing to modify will not be reversed on appeal.

Commissioners' Opinion, Division No. 2.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by W. J. Boulanger against Gertrude Boulanger; on motion of plaintiff to modify decree for support and maintenance. From order refusing to modify decree, plaintiff appeals. Affirmed.

Leahy, Macdonald & Files and Guy S. Manatt, for plaintiff in error.

Charles L. Roff, Jr., for defendant in error.

DIFFENDAFFER, C. This is an action brought originally by appellant for a divorce and the care and custody of two minor children. Defendant filed an answer and cross-petition, wherein she prayed for a divorce, care and custody of the two minor children, and for the sum of $200 per month for her separate support and maintenance.

Plaintiff, before trial, withdrew his petition, and the case was tried on the answer and cross-petition of defendant, and on September 3, 1924, the court granted a decree of divorce to defendant, in which a finding was made that plaintiff had been guilty of extreme cruelty towards defendant. The decree in part provides:

"It is further ordered that the care, custody, control and education of the children of said parties be decreed as follows: That the plaintiff, W. J. Boulanger, shall have the care, custody and control of the oldest child, Joe Boulanger; and the defendant shall have the care, custody and control of the youngest child, Celeste Boulanger; that each of said parties shall have the privilege of visiting the child in the custody of the other, and of having said child visit each of the parties at all convenient times.

"It is further ordered, adjudged and decreed that the plaintiff pay to the defend-

ant the sum of $200 per month for the reasonable support and maintenance of herself and of said child, Celeste Boulanger. during the minority of said child, as per agreement of parties."

Plaintiff made the payments of $200 per month, as provided in the decree, until the 1st of March, 1926, when he failed to make the payment then due. The defendant applied for and secured an order citing plaintiff to appear and show cause why he should not be punished as for contempt. When the citation was served on plaintiff, he tendered the $200 then due, and immediately filed a motion to modify the decree, upon the grounds that, in so far as the payments were to be made to the defendant for her support, the decree was invalid, and in so far as the payments were for the benefit of said minor child, the sum of $200 per month was unreasonable and unwarranted; that the condition of plaintiff's estate financially, at that time, did not warrant the payment of so large a sum for the maintenance of a child of the age of Celeste Boulanger; that the judgment was inadvertently rendered by the court, and that the court was not sufficiently advised of the existing facts and circumstances of the parties, and that the financial condition of plaintiff was not disclosed to the court at the time judgment was rendered. No allegations as to any change in the condition of the parties, since the decree, was contained in the motion.

No answer or reply was filed to this motion.

The court set the motion down for hearing, and the evidence introduced by plaintiff, nearly all of which was hearsay and of a rather unsatisfactory character, tended to show that at the time of the hearing the plaintiff was indebted in the amount of about $12,000 or more. It was not shown, however, that any substantial part of this indebtedness was not owing by plaintiff at the date of the decree. There was no evidence and nothing to indicate that any of these facts were not before the court at the time of the trial, nor was there anything offered to show that at the time the decree was entered any person made any representation to the court that would in any way tend to mislead the court.

At the close of the evidence, the court entered an order refusing to modify the decree, from which order plaintiff prosecutes this appeal.

The decree does not include any finding as to what the agreement of the parties was

at the time the decree was entered, but plaintiff at this hearing was a witness in his own behalf, and testified:

"By the Court: Mr. Boulanger, when this decree was granted, I will ask you if you did not agree in open court that either for yourself or by your counsel that you should pay your wife the sum of $200 per month for the support of herself and this child? A. That was the agreement, yes, sir, it was. Q. That agreement was not reduced to writing? (No response.) Q. That agreement was not reduced to writing, was it; it was not reduced to writing and signed by you people, was it? A. No. Q. It was just— A. An agreement. Q. An agreement you made in open court on which the decree was granted? A. Yes. The Court: That is all; that was my recollection of this."

The court in ruling upon the motion said in part:

"The facts are that when this case was tried, just as Mr. Boulanger testified, an agreement, a solemn agreement, was entered into between these parties, regardless of what the decree may say, that in lieu of all alimony and any further claims made upon this plaintiff, W. J. Boulanger, that he was to pay this woman $200 a month for the support of herself and this child, and I believe in people standing up to their agreements. * * * He has income in excess of $10,000 a year, which was not disclosed by this evidence, but which the court would probably be warranted in taking knowledge of. I know what the income of each Osage Indian has been for the last eight or ten years, and this allowance made to his wife and child is about one-fourth of his income; it is in fact not one-fourth, and I think it is a very reasonable allowance."

The plaintiff in his petition in error sets up eight assignment of error, which he argues in his brief under three propositions. The first four assignments are presented in the first proposition. They are: Refusal to grant a new trial; refusal to modify the decree as contrary to law; as contrary to the evidence; and that the judgment of the court shows on its face that, in so far as the judgment being for alimony in favor of defendant, it is absolutely and totally void.

The principal argument is directed to the proposition that the decree is void, in so far as it attempts to fix alimony for defendant, for the reason that in awarding alimony the amount thereof must be definitely fixed, though it may be ordered paid in installments. It may be said that the rule has been definitely fixed in this state, as contended for by plaintiff; that in cases

where the decree provides for alimony to the wife at a certain sum per month, without fixing a definite amount ultimately to be paid, the decree is void as to the alimony. Plaintiff relies upon the case of Dutton v. Dutton, 97 Okla. 234, 223 Pac. 149, wherein the court held that a decree providing:

"* * * That she be and hereby is awarded the custody and possession of their minor child, Genevieve Dutton; and that said plaintiff be awarded alimony in the sum of $100 per month until their child shall become 24 years of age, or until the death of said child, in case it shall occur prior to said date, and after said child shall become 24 years of age, or shall have died prior thereto, that the plaintiff receive, as alimony, the sum of $50 per month until such time as she shall remarry"

—meant that the monthly payments would be deemed to be for the support and education of the minor child, notwithstanding that the decree designated the payment as "alimony," and made no mention of support or maintenance of the child; and that it, being such, was subject to change from time to time under the provisions of section 507, C. O. S. 1921, which reads:

"When a divorce is granted, the court shall make provision for guardianship, custody, support, and education of the minor children of the marriage, and may modify or change any order in this respect, whenever circumstances render such change proper, either before or after final judgment in the action."

The decree in the instant case provides "that plaintiff pay to the defendant the sum of $200 per month for the reasonable support of herself and of said child, Celeste Boulanger, during the minority of said child, as per agreement of parties." In the Dutton Case, supra, the payments were designated as "alimony," without reference to the children. That decree was held to be without authority as for alimony to the wife, but valid as for the support and maintenance of the minor child. The same might be said of the decree in this case. It was a valid decree as for support and maintenance for the minor child, and therefore subject to modification under section 507, C. O. S. 1921. The question then arises, Did the court err in refusing to modify the decree? In Sango v. Sango, 121 Okla. 283, 249 Pac. 925, this court held:

"When a final judgment affecting support and maintenance of minor children is sought to be modified, as provided by section 507, C. O. S. 1921, there must be shown a change in condition of the parties such as to render such modification proper."

In that case the order of the trial court modifying a decree providing for support and maintenance of minor children was reversed for the reason that there was no showing of a change of circumstances of the parties; the only showing of any change being a depreciation in value of the property of the father.

In Dutton v. Dutton, supra, the modification was upheld on account of change in condition of the parties; that is, that the mother had married a man of means amply sufficient to furnish her support, and, also, that the father had remarried, had adopted a child, and was about to become the father of another child.

In this case there is no showing whatever of any change in the condition of the parties. It is not even shown that any substantial part of the indebtedness of plaintiff had been incurred after the decree. We think, therefore, that the court did not err in refusing to modify the decree.

It is urged under the second proposition, covering the fifth and sixth assignments, that the decree should have been modified, for the reason that the sum of $200 per month for the support of an Indian child between five and six years of age is grossly in excess of the amount necessary to properly maintain said child at such age; that such allowance is unwarranted, unconcionable, and an abuse of discretion on the part of the court. But if we are correct in our conclusions, heretofore reached, then the court would have no authority to modify a decree which had become final in some respects on this ground. The time for the court to consider these matters was at the trial, and if plaintiff was dissatisfied with the amount of the award his remedy was by appeal.

The trial court states in his findings in this case that the decree as to the payment of the $200 per month was agreed to in open court, and the plaintiff so testified at the hearing of the motion. No suggestion or showing is made that any fraud was practiced, either on plaintiff or the court, nor that any misrepresentations were made to the court, or that any party to the proceedings was guilty of any wrong. We are not in possession of any of the facts with reference to how the agreement was arrived at. But in view of the fact that defendant had asked for substantial alimony in her cross-petition and that no definite amount, or in fact any amount of alimony, was provided for in the decree, it may be that defendant was induced to give up her claim

for alimony in consideration of this very promise to pay the $200 for the support and maintenance of the minor child. If so, it would seem to us inequitable for plaintiff at this time to be relieved from paying the sum agreed upon, except under a clear showing of change of circumstances. Such as would bring him within the plain provision of the law. While the sum seems large, we cannot say that it is wholly unwarranted or unconscionable under the circumstances, there being no evidence in the record as to the value of plaintiff's estate or the amount of his income. The evidence taken at the original trial not being in this record, it will be presumed that the court had before it, at the time the decree was made, sufficient evidence as to the value of plaintiff's estate and his income to justify the award of $200 per month.

The further contention is made that the agreement of plaintiff to pay the $200 per month is not binding on him, for the reason that he was under guardianship and the agreement was not ratified by his guardian or ordered paid by the probate court.

Plaintiff cites no authorities whatever on this point.

We think that it is enough to say that it is not the agreement that is under consideration here, but the decree of the court. If the decree was based wholly on the agreement, the question might be different. But the decree must have been founded in part, at least, on the legal duty of the father to support, maintain and educate his minor child. We think the decree is valid and binding on plaintiff until changed or modified by the court upon some proper showing.

The judgment should be affirmed.

BENNETT, HALL, HERR, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1, 2) 19 C. J. p. 293, §670. (3, 4) 19 C. J. p. 358, §819; 9 R. C. L. p. 439.