## HADLEY v. HADLEY.

No. 17868. Opinion Filed Feb. 14, 1928.

Opinion Withdrawn, Corrected and Refiled Feb. 21, 1928.

(Syllabus.)

**1. Contempt—Civil Contempt Proceeding —Waiver of Defects in Complaint.**

In an indirect civil contempt proceeding, where the complaint recites sufficient facts to confer jurisdiction upon the court over the subject-matter, but is incomplete and otherwise defective, in the absence of a demurrer to the complaint or an objection to the introduction of evidence, such defects and irregularities will be deemed to have been waived.

**2. Divorce—Decree for Support Money for Wife and Child—Construction.**

Where, in a divorce decree, the wife is awarded the care and custody of a minor child, and the husband is ordered to pay the sum of $85 per month for the support of the wife and their minor child, and no other provision is made for the support and education of the child as required by section 507, C. O. S. 1921, such monthly payments will be deemed to be for the support and education of the minor child.

**3. Same—Failure to Pay Support Money not Contempt Unless Willful.**

A failure to comply with the terms of a decree directing the payment of certain sums as support money for a minor child, will not constitute an indirect contempt in the absence of clear and convincing evidence that the disobedience of the court order was willful.

**4. Same—Punishment for Contempt— Commitment to Be Conditioned on Continued Failure to Pay.**

A contempt proceeding against a defendant for failure to pay certain sums ordered to be paid to plaintiff is primarily for the benefit of such plaintiff. The punishment for such contempt is remedial and coercive in its purpose, and a commitment for punishment not conditioned on a continued failure to pay the sums cannot be made.

Commissioners' Opinion, Division No. 2.

Error from District Court, Okmulgee County; James Hepburn, Judge.

Contempt proceeding by Norma Hadley against Arthur G. Hadley for failure to comply with an order of court which required the payment of certain sums for the support and maintenance of their minor child. Judgment against Arthur G. Hadley, and he appeals. Modified and affirmed.

W. D. Halfhill, for plaintiff in error.

A. E. Graham, for defendant in error.

JEFFREY, C. On July, 1, 1921, in an action then pending in the district court of Okmulgee county, wherein Norma Hadley was plaintiff and Arthur G. Hadley was defendant, a decree was rendered awarding plaintiff a divorce, the custody of their minor child, Alvin Cordell Hadley, and ordered that defendant pay to plaintiff, for her and their minor child's support, the sum of $85 per month, beginning on July 15, 1921, certain medical, nurse and hospital bills contracted by plaintiff during her illness, and a further sum of $50 as attorney's fee for the benefit of the plaintiff. On April 1, 1926, plaintiff filed an application for a citation, duly verified, in which she alleged the rendition of said judgment and the failure of defendant to pay the sums therein specified, and asked that he be cited to appear and show cause why he should not be punished for contempt. The citation was issued and the defendant appeared, filed a response thereto, and asked for a hearing. When the cause came on for hearing, the defendant waived a jury and elected to go to trial to the court. Defendant testified at the hearing that he made two payments of $85 each, and then had an agreement with plaintiff that the payments from then on would be only $50, and that he paid her during said period of time a total of $490, and also paid to his father, who kept the minor child for a year or two, in excess of $800; and that he was unable to pay any further sum. Plaintiff testified that defendant only paid to her the sum of $323 since July 1, 1921. The record shows that on July 11, 1921, defendant filed a motion to modify said decree as to the amount of the payments. Said motion recited that the amount required to be paid was excessive; and that his means and

income were not sufficient with which to meet said payments, and asked that that part of the decree be modified so that he could comply with the decree. This motion was never acted upon. On the date citation was issued a similar motion was filed by defendant. At the close of the hearing, the court found the defendant guilty of contempt for failing to comply with the order of the court of date July 1, 1921, and assessed as a punishment confinement in the county jail for a period of six months. At the same time the court sustained defendant's motion, and modified the original decree by reducing the future monthly payments from $85 to $25. From this decree defendant has appealed.

It is agreed by all parties that the proceeding is one in the nature of an indirect civil contempt. Defendant has not set out his specifications of error and argued the same in an orderly manner, as required by the rules of the court, but there being no objection as to the arrangement of the brief, we will endeavor to pass upon the questions presented as we gather them from the argument in the brief.

Defendant complains that the complaint upon which the contempt proceeding was based is insufficient for the reason that it does not charge a willful violation of the court order. The case of Morgan v. National Bank of Commerce of Shawnee, 90 Okla. 280, 217 Pac. 388, is relied on in support of this contention. The court in that opinion said that under section 1697, C. O. S. 1921, to constitute an indirect contempt, the disobedience of the court's order must be willful, and facts should be alleged in the complaint such as to show a willful disobedience of the court's order. The court was there passing upon an objection to the introduction of any evidence under the complaint, and whatever might have been said in connection with the question there raised need not be applicable in this case. The record here shows that the application for a citation against the defendant recited all prior proceedings and the failure to pay the sums required by the court, but did not recite that defendant willfully refused to comply with the order of the court. The citation issued and served upon defendant recited that defendant had failed and refused to pay the sums ordered to be paid. The complaint or verified application set forth sufficient facts to apprise the court of the nature of the proceedings, the relief sought, and was sufficient to confer jurisdiction upon the court. By the allegations in the defendant's response, it appears clearly that defendant was not misled, but was fully informed of the nature of the complaint. He sought to show by his response and also by his testimony at the hearing that his failure to comply with the order of the court was not a willful disobedience, but that he had not been financially able to do so. The application for citation and the citation itself may be to some extent incomplete and indefinite, but such defects could only be raised by demurrer to the application and citation or by proper objection at the trial. Hall v. Bruner, 36 Okla. 474, 127 Pac. 255. No demurrer to the complaint or citation was filed, nor was there an objection to the introduction of testimony at the time of the hearing, and such defects or irregularities as are now complained of were waived.

The next objection raised seems to be that the court was without authority to find the defendant guilty of contempt for failure to pay the sum of $85 per month, since the decree of date July 1, 1921, ordered the sum paid for plaintiff's and her child's support. Defendant insists that the payments required to be made by that decree are in the nature of alimony for the wife, and that since the wife remarried August 19, 1922, and was at all times thereafter living with her husband, defendant was not under obligation to pay her alimony. If the payments provided for in the original decree were in fact for alimony, defendant's contention would have to be sustained. A decree awarding alimony to a wife in monthly payments or otherwise without fixing a definite sum to be paid either in gross or installments is void. But this court has held, in the case of Dutton v. Dutton, 97 Okla. 234, 223 Pac. 149, that where a wife is awarded the custody of a minor child, and a certain sum, designated as alimony, is required to be paid the wife without fixing a definite sum to be paid as required by section 508. C. O. S. 1921, and without making provision for the support and education of the minor child as required by section 507, C. O. S. 1921, such monthly payments will be deemed to be for the support and education of the minor child. In the case of Boulanger v. Boulanger, 127 Okla. 103, 260 Pac. 49, the decree with reference to monthly payments is almost identical with that part of the

language of the decree with which we are here concerned. There plaintiff was ordered to pay to defendant the sum of $200 per month for the support of defendant and their minor child during the minority of the child, and it was held that such monthly payments will be deemed to be for the support, maintenance, and education of the minor child. We think these authorities control this question, and that the payments required to be made by the decree must be treated as for the support and education of the minor child.

But it is argued that the court erred in finding that defendant was guilty of contempt for failure to pay the entire $85 per month according to the terms of the original decree, and in finding that defendant had willfully violated the order of the court. To a certain extent this contention is good. The only evidence which might be construed as a willful violation on the part of defendant is that during all of this time from the date of the original decree, he did not have the court pass upon his motion to modify, filed on July 11, 1921, and the further testimony of defendant that in addition to the $800 which he sent his father for the support of the child, he sent about $800 to his father for his individual use. The evidence further shows that during a considerable period defendant earned $150 per week, while at other times, he only earned $40 per week, and still at other times he was unable to earn anything. The evidence shows conclusively that within a short time after defendant filed his motion to modify on July 11, 1921, he had an agreement with plaintiff that he should only pay thereafter the sum of $50 per month. This, no doubt, is one of the reasons why defendant did not press his motion to modify the decree. Plaintiff offered no evidence of defendant's failure to exert himself in an honest effort to earn sufficient money with which to provide for his child, or of his ability to pay more than $50 per month. And defendant's evidence showed that he had been industrious, but had been unable to comply with the original decree. The evidence further shows that plaintiff remarried on August 19, 1922, and that defendant remarried March 31, 1924. The trial court, in commenting upon the evidence at the time defendant was adjudged to be in contempt of court, stated in substance that the amount of the monthly payments was greater than necessary, and unreasonable. The trial court then sustained defendant's motion to modify, and reduced the amount of the payments to $25 per month.

As heretofore stated, this character of proceeding is civil in its nature. And while the punishment is criminal in its nature, its primary purpose is remedial and coercive for the benefit and protection of the party seeking the relief. Morgan v. National Bank of Commerce, supra. It is apparent that both parties considered. at least, a portion of the amount to be paid as alimony for the wife. They recognized that the payments required were excessive, and agreed on a lesser amount. The evidence shows that the payments were excessive, and the trial court in this proceeding entertained that opinion. In view of all these facts and defendant's inability to pay, there was no justification for a finding that defendant willfully disobeyed or violated the order of court in failing to pay any amount in excess of $50 per month. To constitute an indirect contempt, the disobedience of the court's order must be willful, and the evidence thereof must be clear and convincing. Morgan v. National Bank of Commerce, supra. Defendant's own testimony shows that his failure to keep up the $50 payments was willful and without justification. We do not wish to be understood as holding that defendant is not liable for the full amount ordered paid by the original decree. That question is not before the court. The only question we here consider is whether defendant's failure to pay the amounts required by the decree amounted to a willful disobedience of the court's order.

The next error complained of is that the court exceeded its jurisdiction and authority in sentencing the defendant to six months in jail, without rendering said judgment in the alternative so that defendant should stand committed until the order of the court was complied with. The judgment of the court is clearly erroneous in this particular, and is so conceded by counsel for plaintiff. In a civil contempt proceeding the punishment is for the benefit of the party complaining, and not to vindicate the dignity and authority of the court. It is intended to be coercive only to the extent that the party against whom the judgment runs may be compelled to comply with an order or judgment which inures to the benefit of the complaining party. It has been said that under a sen-

tence of imprisonment in a proceeding for civil contempt, the party ordered to be committed carries the key of his prison in his own pocket. He can end the sentence and discharge himself at any moment by doing what he had previously refused to do. Gompers v. Buck's Stove & Range Co.. 221 U. S. 418; In re Nevitt, 117 Fed. 451, 54 C. C. A. 622; Ex parte Plaistridge, 68 Okla. 256, 173 Pac. 646; Wells v. Wells, 46 Okla. 88, 148 Pac. 723.

The judgment and sentence of the trial court is therefore modified so that defendant shall stand committed to the county jail of Okmulgee county until he shall have paid to plaintiff for the support and education of said minor child the sum of $1,527, the same being at the rate of $50 per month less credits allowed by the trial court, and otherwise affirmed.

BENNETT, TEEHEE, DIFFENDAFFER, and HERR, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 13 C. J. p. 67, §92. (2) 19 C. J. p. 357, §818; 18 A. L. R. 899; 9 R. C. L. p. 482; 4 R. C. L. Supp. p. 611. (3) 19 C. J. p. 359, §821. (4) 13 C. J. p. 7, §7; p. 58, §81.