## BYNUM v. BYNUM.

No. 28259.    Oct. 18, 1938.

Rehearing Denied Nov. 22, 1938.

Sam S. Gill and Jack Jett, for plaintiff in error. .

Mauntel & Spellman, for defendant in error.

DAVISON, J. This is an appeal from a judgment of the district court of Woodward county.

The record discloses that in 1925. Nettie Bynum, the plaintiff, · was granted a divorce from her husband, Louis E. Bynum. Upon filing the petition for divorce, a property agreement was drawn and agreed to between the parties whereby all ·of their property was divided. Nettie Bynum was to have the home place in the city of Woodward with furnishings of the agreed value of $1,250; also the hamburger stand located on the residence lot with all fixtures and utensils, valued at $500, making an estimated total value of $1,750.

The property settlement agreement further provided that Louis E. Bynum should have 80 acres of land described, of the agreed value of $1,000, and cash on hand

in the sum of $800, making a total estimated value of $1,800. It was further provided in the settlement that Nettie Bynum was to have the sole custody and control of the two minor children and to provide for their maintenance and education until they reached their majority.

The pleadings were all prepared by plaintiff's attorney, agreed upon and filed the same day, and included a petition embodying the property settlement agreement with request that it be carried out in the divorce proceedings.

The defendant entered his appearance by a waiver of the issuing and serving of summons.

The cause was heard about eleven months after the divorce proceedings were filed. The defendant, Louis E. Bynum, was not before the court at the hearing. Upon hearing the petition and testimony, the decree of divorce was granted. Without any notice to the defendant, the court wrote into the ready-prepared and agreed-to decree provisions requiring the defendant to pay into the office of the court clerk the sum of $15 each month for the purpose of helping to clothe, feed, and educate the two minor children, and to continue such payments until the children reached the age of 18 years. The decree was further changed so as to impress the property received by the defendant with a lien to secure the payments due under the terms of said order for the support of the minor children.

All of the additional orders added to the decree were made without the defendant being present in person or by attorney and without his knowledge. The defendant was not in the county and had no knowledge when the decree was granted. The testimony shows that in the latter part of 1926 the defendant received a letter from the attorney of the plaintiff and former wife, demanding payment of the back sum of $15 monthly payments to be used in purchasing some lots in the town of Jones, Okla.

The record discloses that on December 5, 1936, the defendant filed his motion to modify the final decree granted in said divorce proceedings, setting up the property settlement agreement. The plaintiff filed her response thereto. The matter was heard to the court and testimony was taken. The court entered judgment setting aside the former judgment in so far as the same provided for and required the pay-

ment of $15 per month and entered judgment requiring the defendant to pay to the court clerk for the children's support the sum of $30 per month for five months, when one of the children would become of age; thereafter requiring the payment of $15 per month until the other child would become of age. It is from this judgment that this appeal has been taken by the plaintiff.

The plaintiff has presented the various assignments of error under three propositions: (1) Equity will not assist a wrongdoer. (2) Trial court cannot vacate judgment as to past due payments. (3) District court cannot vacate its valid judgment after three years.

These contentions will all be considered together.

As has been shown, the petition for divorce, the property settlement, and the petition for its approval as a part of the divorce proceeding were all prepared in advance and agreed upon. A decree granting a divorce, approving the property settlement, and providing for the children was also prepared and agreed upon.

In anticipation of that agreement being approved by the court and decree entered as had been prepared and agreed upon, the defendant entered his waiver of issuance and service of summons and filed no answer to the petition. There was no request in the petition for divorce for child support and there was no testimony taken relative thereto. The plaintiff had assumed that responsibility and intended to carry out the terms of the property settlement agreement. Before the court would be authorized in entering the decree providing for the $15 per month for the support of the children and making the property of the defendant subject to levy and execution therefor, if the court knew of the property settlement and agreement as to the children, it would be necessary that the defendant be informed and given an opportunity to challenge or refute this departure from the well planned and mutual property settlement agreement.

This court has frequently held that in divorce cases, written waivers on part of defendant are legal and binding and sufficient to support a default judgment. In re Thompson's Estate, 179 Okla. 240, 65 P.2d 442. The person executing the waiver is supposed to have full knowledge of the issues in the action in which such waiver is to be used. It is upon these issues so

presented by the petition and other pleadings filed prior to the waiver or at the time that the defendant enters his waiver that the cause is to be tried, and not upon new issues and new demands thereafter created by the plaintiff or granted by the court on its own motion. The court was supposed to be fully informed as to what the parties had agreed to in the instant case, and while it might not have been binding upon the court, it would be a challenge to the court's power to inject new issues into the pleadings or make requirements against the defendant not requested in the petition and entirely unanticipated by the defendant when the waiver was signed, without giving the defendant a right to be heard.

Under the provisions of section 671, O. S. 1931, 12 Okla. Stat. Ann. sec. 1277, the court retains the right to modify or change any order in respect to custody, support, and education of the children involved in divorce actions. Newberry v. Newberry, 147 Okla. 249, 296 P. 202; Sango v. Sango, 121 Okla. 283, 249 P. 925. Upon the verified motion of the defendant, the response of the plaintiff, and testimony presented, the court modified his original order and decree by vacating that part of same relative to the $15 per month support for the children which had subjected the property awarded to the defendant to levy and execution to carry out the order of the court.

The judgment of the court does not state upon what grounds the former order was vacated and set aside. The defendant in his motion to modify the judgment alleged that the plaintiff and her counsel perpetrated a fraud upon the court and the defendant in not advising the court of the nature and character of the property settlement and agreement relative to the plaintiff receiving certain of the property in consideration of the fact that she was to support the children. The defendant alleged that if the court had been fully informed, no such order and judgment would have been entered without first giving the defendant notice. If, in fact, the court was not properly informed as to the property settlement agreement relative to children, the court had a right to declare that portion of its former order void because the same was issued by mistake and misinformation, and the same would not come within any of the provisions of the statute for vacating judgments after term. This would include setting aside all past-due and unpaid payments provided for in the former

judgment. The judgment complained of here was not based upon a change of condition and is not governed by the decisions of this court relative to same. Sango v. Sango, 121 Okla. 283, 249 P. 925.

The modified order of the court requiring the defendant to pay $30 per month until the oldest child was of age and $15 thereafter until the youngest child was of age was a reasonable provision for the children, considering the income of the defendant and the further fact that the plaintiff had married again. Defendant does not object to same.

The court being of the opinion that the judgment should not be disturbed, the same is affirmed.

OSBORN, C. J., and RILEY, PHELPS, and GIBSON, JJ., concur.