## CHILDERS v. CHILDERS.

No. 33744. Feb. 7, 1950.

*214 P. 2d 722.*

Glenn O. Young, of Sapulpa, for plaintiff in error.

Wallace & Collins, of Sapulpa, for defendant in error.

HALLEY, J. On August 21, 1946, Phyllis June Childers obtained a decree of divorce from William R. Childers. The decree granted to Mrs. Chil-

ders the custody of their minor child, but gave the father the right to visit the child at all reasonable times and places. The court found that the parties had made a fair and satisfactory division of their property, and approved such settlement. The decree made no provision whatever for the support of the minor child. The record discloses that the parties had agreed that the father would contribute $25 per month for the support of the child, but the decree made no mention of that agreement. The divorce action was not contested.

On January 15, 1948, William R. Childers filed a motion to modify the divorce decree with respect to the care and custody of the child by granting him partial custody. In support of his motion he alleged that both parties had married new spouses; that their relations had become unpleasant, and that the child's mother had become arbitrary and abusive, rendering his visits to his son unpleasant and meaningless; that Mrs. Childers (now Moulton) had complained bitterly because he had kept the child out longer than its usual bedtime on one of his visits, when he had taken the child to visit its paternal grandparents some 150 miles from Enid, where the mother resided. In response to the motion, plaintiff alleged that the defendant had seldom visited the child, but had, on one occasion, when she permitted him to take the child on a short trip and requested that he return by 5 o'clock in the afternoon, taken the child from Enid to Mounds, Okla., and had not returned until after 10 o'clock, and that the child had become ill from the long trip and being deprived of its regular diet and habits; that the defendant often scolded and mistreated the child, using profane language in its presence; that he was not a proper person to have its custody at any time; and prayed that his motion to modify be denied.

The plaintiff also filed a motion for an order requiring the defendant to pay her a certain sum per month for the support of the child, beginning September 1, 1946. She alleged that he had failed and refused to keep his agreement to pay $25 per month for this purpose, being in arrears in the sum of $300. She also prayed for an order requiring defendant to pay support money pendente lite, certain sums for court costs and attorneys' fees, and to enable her to prepare her defense and present her claims to the court in the present proceedings.

The court rendered a decree requiring the defendant to pay $25 per month for child support beginning February 1, 1948, and giving the defendant the custody of the child from Friday afternoon to Sunday afternoon once each month. The court refused to order payment by defendant of the amount due under their agreement at the time the divorce decree was entered, and refused the plaintiff's motion for suit money or child support pendente lite. From these orders the plaintiff has appealed, and bases her claim for reversal upon eight assignments of error, which we shall consider in the order presented in plaintiff's brief. We shall refer to the parties as they appeared in the trial court in the original action.

Plaintiff contends that the court erred in holding that the defendant's motion to modify was sufficient to warrant modification, because the motion did not allege such change of conditions as would warrant a modification with respect to custody of the child. It is true, as set out in Wood v. Wood, 92 Okla. 297, 216 P. 936, and other cases cited by the defendant, that a decree awarding custody should not be modified unless it be shown that there has been such a change in the conditions and circumstances of the parties as would warrant a modification, bearing always in mind that the general welfare of the child should be given paramount consideration and should serve as a guide in considering the question of whether a change in custody should be made.

The original decree awarded full-time custody to the mother, with right of visitation in the father. The record shows certain changes of conditions of the parties. The mother and father each had established a new home—the father in a "hutment", of reasonable dimensions for a home, at Stillwater, Okla., where he was a student at A. & M. College, and the mother at Enid, Okla., where her present husband was employed. The fixed income of the father and his present wife is now $200 per month. He retained in their property settlement an automobile that cost $1,800 of the $3,000 he had saved while in the service. The relationship of the father and the mother appears to have become unpleasant, rendering visitation by the father in her home of doubtful value, and probably lacking in that warm, congenial, homelike atmosphere so desirable for the best interests of a child in its formative years.

The motion alleged, and the evidence showed, a substantial change of conditions of the parties, sufficient to justify a change of the order as to custody of the minor child.

The plaintiff alleges that the court erred and abused its discretion in awarding part-time custody to the father. With this we do not agree. The father was not perfect; but the evidence shows that he is devoted to the child. He is now 28 years of age, and the boy is six years old. His present wife is willing for the child to be in their home. So long as the father contributes an amount in keeping with his income for support of his child, he should be allowed to have the child part of the time, unless he is a morally unfit person or it appears that such part-time custody would be detrimental to the best interest of the child. Nothing like that is shown in this case. We find no fault with the order of the court giving custody of the child one weekend each month to the father.

The trial court has continuing jurisdiction to modify orders in regard to custody, should the present order prove detrimental to the best interest of the child. Sec. 1277, Title 12, O.S. 1941.

With respect to the denial of plaintiff's request for an order requiring the defendant to reimburse her for expenditures made by her for the child's support, and the delinquent installments shown to be due under the agreement between plaintiff and defendant, we have concluded that the trial court did not commit error in denying her request for an order to pay delinquent installments. The divorce decree made no mention of the agreement between the parties relative to child support. That was a private contract between the parties, and the record does not disclose who was responsible for this agreement being omitted from the decree. The default of the defendant in his payments for child support violated no order of the court; it simply breached his contract obligation to the plaintiff. All the court could do in this respect was to enter an order requiring defendant to pay from the date of the hearing, and such order was entered. Orders of this nature must be prospective, not retroactive. Reynolds v. Reynolds, 192 Okla. 564, 137 P. 2d 914; Bynum v. Bynum, 184 Okla. 36, 84 P. 2d 424.

The prayer of the plaintiff for suit money pendente lite to enable her to defend against the motion to modify presents another and different situation. The court appears to have denied this request on the theory that the plaintiff, in defending against defendant's motion, had also filed a motion asking for affirmative relief. No case has been called to our attention, and we know of none, holding that where one party to a divorce action is forced to come into court to defend what she contends are her rights relative to the custody of a minor, she may not ask for affirmative relief without thereby forfeiting her right to an order for funds sufficient to enable her to defend her rights. This is especially true when, through oversight or inadvertence, the divorce decree has failed to make any provision for child support. The plain-

tiff was without funds to pay for taking the depositions of witnesses residing in other counties, or to pay an attorney to present her defense and claim. The defendant had compelled her to come into court and present her defense to his motion to modify. She had been supporting their child for months without any help from the defendant. We conclude that the trial court abused its discretion in not allowing her a reasonable amount to defend against the motion to modify the original decree, and also to cover her expense in her efforts to secure an order of the court requiring the defendant to contribute to the support of their child. It is immaterial that the request for suit money is made in the original divorce action or in a subsequent proceeding to modify as to custody of child.

The plaintiff complains that the record of the hearing discloses bias and prejudice, by which she was prevented from having a fair hearing, and that certain irregularities in the proceedings affected her substantial rights. We have examined the record carefully, and find some minor irregularities, but have concluded that such matters as appear do not seriously affect the rights of the plaintiff and did not prevent her from having a fair hearing. She was permitted to present her side of the issues to the court. She had her witnesses present, despite the error of the court, as above pointed out, in refusing to grant her suit money pendente lite, and she should not complain that admissions were made by the defendant which rendered it unnecessary to use some of her witnesses. However, her right to suit money should not be denied by reason of admissions of which she was not advised in advance of her preparation to prove the facts which were admitted at the hearing. It is evident that the plaintiff did not know in advance that certain facts in her favor would be admitted by the defendant.

Under section 1277, Title 12, O.S. 1941, the court has continuing jurisdiction to modify a divorce decree as to child support and custody, and as to suit money, including costs and a reasonable attorney's fee for the attorney representing the wife. See Tinker v. Tinker, 144 Okla. 97, 290 P. 187; Strauch v. Strauch, 196 Okla. 184, 164 P. 2d 220.

In view of the foregoing conclusions, we do not deem a reversal of this matter necessary; but the trial court is hereby directed, upon a hearing for that purpose only, to ascertain the reasonable and necessary expenses incurred by the plaintiff in this proceeding, including a reasonable attorney's fee for resisting the motion to change the terms of the decree. The decision of the trial court in other particulars is affirmed; but the right of the defendant to have the custody of the minor child one weekend in each month shall be conditioned upon his prompt monthly payments of the sum provided in the trial court's order to be paid for child support, and upon his meeting promptly the payments to be provided by order of the trial court, as directed above, for such sum or sums as the trial court finds reasonable as suit money.

The judgment, as above modified, is affirmed.