FORD v. FORD.

No. 34500.   June 3, 1952.

245 P. 2d 75.

Rosenstein, Fist & Shidler, Tulsa, for plaintiffs in error.

Alfred B. Knight, Earl M. Knight, and Guy S. Manatt, Tulsa, for defendants in error.

PER CURIAM. On June 5, 1947, the district court of Tulsa county rendered its judgment granting a divorce to Elaine Cole Ford from Holland Clay Ford. At that time the respective parties were the parents of two boys, 6 and 7 years of age. This divorce de-

cree contained the following provision:

"It is Further Ordered, Adjudged and Decreed that the agreement of the parties executed on the 16th day of May, 1947, for division of their property and settlement of all property rights of the plaintiff, in lieu of alimony, and which provides for the custody of two children of the plaintiff and defendant, and which makes provision for the support and maintenance of said children, is hereby approved, attached to this decree and made a part hereof."

The contract between the parties referred to by the court which was made a part of the decree specified that the mother should have the care and custody of the children for the three months' time during the summer, and the father during the school period of the year, or the other nine months. The pertinent provision there referred to reads as follows:

"That the parties hereto are the parents of two minor children, namely, Holland Cole Ford, a son, who was seven years of age on April 12, 1947, and Mark Houston Ford, a son, who, will be six years of age on July 1, 1947.

"It is agreed by and between the parties hereto that in the event said divorce is granted to the party of the first part said party of the first part shall have the care and custody of the children for three months' time during the summer months or vacation period, which three months shall be from the time that she receives the children after the close of school, but it is understood that they shall be returned to the party of the second part prior to the opening of school in September, and that the party of the second part shall have the custody and control of the children for the school term. * * *

"It is further agreed that each of the parties hereto shall have the right of visitation of said children at all reasonable times while said children are in the care and custody of the other party, and neither party shall remove said children from the jurisdiction of this court."

The arrangements provided for in the contract was carried out between the parties until, on July 5, 1949, the defendant in error and father of the children, filed his amended motion to modify the decree of divorce, wherein he asked for permanent custody of the two children, and in support thereof alleged that there had been a substantial change in conditions since the divorce decree was entered in that both parents had remarried, the mother having moved to the State of Indiana, and the father was alleged to have built a new home in the town of Granite, Oklahoma, where he was well suited to take care of the children and was earning sufficient money to amply provide and care for them, and so situated that he could give them full and complete opportunities for their education and to prepare them for the business world. The motion further set out that the mother, after obtaining permission of the court, had taken the children to West LaFayette, Indiana, where she now resides, after having remarried, and that she was not a proper person to have the care and custody of said children. The matter came on for hearing on July 12, 1949. The evidence, in substance, showed that since the divorce decree was entered the father had remarried and built a nice home in the best residential part of the town of Granite, and that he was operating a general insurance agency and radio service business from which his net income was over $10,000 for last year, and pointed out that the children were, at the time of the hearing, eight and nine years of age; that he usually took the children, when in his custody, to Sunday School and church where he was an active attendant. The evidence showed that the last time the mother turned the children back into his possession they were wearing swimming trunks, were in an untidy condition, and had no clothes other than that they were wearing. They evidently had not had a hair cut for several months and their general appearance was unkempt. The

evidence further showed that until the mother had remarried, her mother had assisted her in taking care of the children at the place where she lived on South Oswego street in the town of Tulsa. The evidence further showed that both the father and paternal grandfather, who was a banker in the town of Granite, were making financial plans to see that the boys were fully educated and were setting aside bonds for that purpose. The father also testified that he had heard his former wife make the statement in a deposition that she had remarried on August 7, 1947, two months after the divorce decree, and that the marriage took place in Joplin, Missouri. The father further testified that the older of the two boys was well developed and well grounded in the teachings of the Bible, and definitely understood the difference between right and wrong; that the younger one was not as well developed and that he acquired bad habits during the periods when he was with the mother.

At the conclusion of the evidence the court held that the motion of Holland Clay Ford, the father, should be sustained, and the wife was directed to return the children to the custody of the court by July 19, 1949, and that thereafter the father would be entitled to the custody of the children beginning August 1, 1949, to June 1, 1950, and the mother would thereafter be entitled to the custody of the children from June 1, 1950, to August 1, 1950, and a similar period each year thereafter, but the children were not to be taken out of the jurisdiction of the court without the permission of the court. The order of the court also was that the defendant, that is, the father, should pay $50 per month for the care and maintenance of the children while in the custody of their mother. From this order the mother duly appealed.

The plaintiff in error objected to the introduction of evidence for the reason that the motion to modify stated facts insufficient to warrant the granting of said application and likewise demurred to the evidence offered by movant in support of his application on the theory that the same was wholly insufficient upon which to base an order modifying said judgment.

In her brief the errors relied upon by plaintiff in error are discussed under two heads:

(1) That the court erred in hearing evidence in support of the amended motion to modify.

(2) That the court erred in entering the order complained of.

The applicable provisions of the statute governing this matter are 12 O. S. A. §1277:

"When a divorce is granted, the court shall make provision for guardianship, custody, support and education of the minor children of the marriage, and may modify or change any order in this respect, whenever circumstances render such change proper either before or after final judgment in the action."

Also, 30 O. S. A. §11:

"In awarding the custody of a minor, or in appointing a general guardian, the court or judge is to be guided by the following considerations:

"1. By what appears to be for the best interests of the child in respect to its temporal and its mental and moral welfare; and if the child be of sufficient age to form an intelligent preference, the court or judge may consider that preference in determining the question.

"2. As between parents adversely claiming the custody or guardianship, neither parent is entitled to it as of right, but, other things being equal, if the child be of tender years, it should be given to the mother; if it be of an age to require education and preparation for labor or business, then to the father."

The plaintiff in error concedes that the general rule in these matters is that the court retains the right at any time upon its own motion or the sug-

gestion of anyone interested to make such reasonable order as may be necessary upon either or both parties to a divorce action to provide for the custody, support and education of the minor children, and that such orders as may from time to time be made may in a similar manner be changed or modified. This rule is qualified, however, to the extent that where a change is made from the order previously made there must be shown a change in the condition of the parties to justify such modification. Also, in determining the right of custody the court in making an order affecting the same must be guided primarily by the child's best interests, rather than the wishes, desires or financial condition of the parents. We held in Bush v. Bush, 185 Okla. 443, 92 P. 2d 363:

"The court in awarding custody must be guided primarily by the child's best interest in respect to its temporal, mental and moral welfare. Bruce v. Bruce, 141 Okla. 160, 285 P. 30; Mattox v. Mattox, 129 Okla. 301, 264 P. 898; Panther v. Panther, 147 Okla. 131, 134, 295 P. 219; Whitehorn v. Whitehorn, 169 Okla. 332, 36 P. 2d 943; Seddicum v. Seddicum, 167 Okla. 420, 30 P. 2d 156; Burke v. Burke, 119 Okla. 254, 249 P. 1110; Newberry v. Newberry, 147 Okla. 249, 296 P. 202. The record does not reflect an abuse of discretion on the part of the trial court in granting the custody of the child to its father."

The court also said:

"The evidence discloses that the plaintiff had remarried and has a home for the child; that he was drawing a salary of $210 per month as an engineer at the time of the hearing; that both he and his present wife are desirous of having the child, Bobby Jean, in their custody and that he is capable of furnishing the child a home with the proper surroundings and care. The evidence also shows that approximately eight months before the date the application was filed in January, 1937, the defendant, Grace Bush, had placed the child in the custody of Mr. and Mrs. Jake Sims, at Seminole, Oklahoma, and that the mother and defendant, Grace Bush, was at the time and is now a resident of Ada, Oklahoma.

"As to whether the child could be best benefited by leaving him with third persons or with the plaintiff or the defendant is a matter to be determined by the trial court, who should take into consideration the paramount interest of the child, and whose order will not be reversed in the absence of an abuse of discretion. Gilcrease v. Gilcrease, 176 Okla. 237, 54 P. 2d 1056."

In Morrison v. Morrison, 197 Okla. 620, 173 P. 2d 919, we said:

"Neither of minor child's parents, adversely claiming child's custody, is entitled thereto as of right, but, other things being equal, custody of child of tender years should be given to its mother, while father should be given custody of child of age to require education and preparation for labor or business."

"Award of custody of divorced parents' three year old son to father was justified by evidence of circumstances of parent's domicile and location and association of such premises and parents, showing that such award was presently for child's best interest in respect to his temporal, mental, and moral welfare."

"A district court, awarding custody of divorced spouses' minor child to father, has continued judicial authority respecting child's custody and may change or modify award, if required and justified by changed circumstances."

This same rule was announced in Bynum v. Bynum, 184 Okla. 36, 84 P. 2d 424; Childers v. Childers, 202 Okla. 409, 214 P. 2d 722; Culbertson v. Jones, 201 Okla. 341, 205 P. 2d 878; and Jones v. Jones, 177 Okla. 181, 58 P. 2d 330.

The evidence is uncontradicted that the father is now remarried and has built a nice home of his own in which his family resides, and that his earnings are ample to give the children many advantages that should prove of great value to young boys. Also, the evidence showed that while for much of the period since the time of the divorce the mother had been required to

leave the children in the custody of the maternal grandmother, yet, she has now remarried and is living in the State of Indiana, and this is an element that may have been taken into consideration by the court in modifying the arrangement under which the parents had been operating since the divorce decree for the custody of the children.

The children here are both boys and the father's condition had changed in many ways that would enable him to take better care of them. They were approaching the age when paternal care as to boys would likewise become more important and the change in time of custody as agreed upon between the parents was modified only to provide custody of the children by the father for 30 days additional each year.

It is our conclusion, therefore, that the trial court's order was in keeping with the broad discretion allowed it in this case, and that the same should be affirmed.

This court acknowledges the services of Attorneys Paul M. Darrough, Harlan Deupree, and William J. Crowe, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.

WELCH, CORN, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.