**Earl TISDELL, Plaintiff in Error,**

**v.**

**Levon TISDELL, Defendant in Error.**

**No. 38436.**

Supreme Court of Oklahoma.

April 25, 1961.

Rehearing Denied July 11, 1961.

Robert J. Wimbish, Ada, for plaintiff in error.

*Busby, Stanfield, Deaton & West*, by W. V. Stanfield, Ada, for defendant in error.

HALLEY, Justice.

Levon Tisdell sued Earl Tisdell for divorce in the District Court of Pontotoc County and prayed for the custody of their two year old daughter, Earlyn Tisdell. Defendant filed an answer and asked for the custody of their daughter. Plaintiff was granted a divorce and custody of her daughter, with the right of visitation by the father.

On May 9, 1955, plaintiff filed a verified petition to modify the divorce decree, alleging that plaintiff and her parents had the control, care and custody and support of the daughter; that defendant had failed to contribute to the support of the child who now required greater expense for her welfare, and that defendant should be required to contribute a reasonable amount for her support and education, and that $75 per month would be a reasonable amount for such service.

Defendant filed his answer to the petition for modification and alleged that their daughter had been in the home of plaintiff's parents, O. W. Sneed and Sadie Sneed, practically all of her life, and requested that whatever sum he be required to pay, be paid to O. W. Sneed and Sadie Sneed.

February 1, 1956, the petition to modify the decree as to child support came on for hearing. The plaintiff appeared in person and by her attorneys, but the defendant failed to appear in person or by his attorneys. The court heard the evidence and found that the minor child had, at all times since the divorce decree was rendered, resided with the parents of plaintiff and that she and her parents had been forced to support the child and that her care, custody and control should continue until further orders of the court, and ordered that defendant be required to pay $75 per month for support of the child, and $75 as attorney fee and $100 as expenses in prosecuting

the action, and that child support payments be made to O. W. and Sadie Sneed, the first payment on or before February 15, 1956, and a like sum on the 15th of each succeeding month thereafter, or until further order of the court.

On February 4, 1956, defendant, by his attorney, J. E. Bullard, filed an unverified motion to modify the foregoing order of February 1, 1956. This motion of defendant to modify was set for hearing in March, 1956, but defendant failed to appear, and his motion to modify was again set for hearing on August 15, 1956, but defendant failed again to appear in person or by his attorney, and the court entered an order overruling defendant's motion to modify.

In partial compliance with the order for child support on December 31, 1956, defendant made his first payment of $50 and $37 in February, 1957, $35 in March, $28 in April, $37.50 in May, and on March 1, 1958, $50 was paid by Myrtle Tisdell.

On August 21, 1957, the court issued an order for citation and citation for contempt was issued and served on defendant August 22, 1957.

May 21, 1958, the matter came on for hearing. A jury was waived and after hearing the evidence, the court found that the defendant had contributed $217.50 for child support since February 15, 1956, actually $237.50 is the correct amount, but had paid nothing for attorneys' fees, costs or expenses; that he had wilfully and without excusable cause, failed, refused and neglected to comply with the order of the court. He was found guilty of indirect contempt and sentenced to a period of 90 days in the county jail. Defendant has appealed and we shall refer to the parties as plaintiff and defendant as they appeared in the trial court.

Mrs. Sadie Sneed, as a witness for plaintiff, testified that her husband, O. W. Sneed, had to pay the expenses incurred at the birth of the only child born to the plaintiff and defendant and that defendant had paid nothing for the support of the child except the payments made to the District Court Clerk's Office and that she and her husband, O. W. Sneed, had been compelled to support the child since it was born except the payments which the trial court found to have been made in the sum of $237.50, heretofore mentioned. The child was then a junior in high school.

The defendant admitted that he was served with summons when plaintiff's motion to modify was to be heard. J. E. Bullard was his attorney when the motion was set for hearing. He did testify that he was not able to appear on February 1, 1956 and said he had gone to the doctor for a check-up the day before the hearing date. He made no claim to having complied with the order to make monthly payments for support of his child.

Defendant first contends that the trial court erred in adjudging him to be in contempt because the plaintiff in her petition to modify the divorce decree prays for $75 per month for the support and education of their child during her minority and a reasonable attorney fee; that nothing else was prayed for, and that it was error to allow her $100 as travel expense in coming from New Mexico for the hearing. This $100 item was not prayed for in the original motion of plaintiff to modify, but on August 21, 1957, we find that plaintiff prayed for this allowance when she applied for the determination of the amount of child support past due and for citation. Defendant also complains because the trial court ordered the child support money ordered paid was to be paid to O. W. Sneed and Sadie Sneed. However, we find that the defendant himself prayed that this money be paid to the Sneeds because the plaintiff would use it for her own benefit and not that of the child, if paid to plaintiff. We find no merit in this contention by defendant. The fact that the Sneeds were not parties in the action is of no importance.

The defendant appears to have overlooked Section 1277, 12 O.S.1951, as amended in 1955, wherein it is said:

> "A petition or a cross-petition for a divorce, legal separation, or annulment

"must state whether or not the parties have minor children of the marriage. If there are such children, the court shall make provision for guardianship, custody, support and education of the minor children, and may modify or change any order in this respect, whenever circumstances render such change proper either before or after final judgment in the action."

In Stoner v. Weiss, 96 Okl. 285, 222 P. 547, this Court said in the first paragraph of the syllabus that:

"Under section 507, Comp.St.1921, a decree of divorce, which fails to make any provision for the support and education of a minor child of the parties, may be modified so as to provide for the support and education of such child, whenever circumstances render such change proper, and such modification may be made upon a supplemental petition in the original action."

It is also said in Bynum v. Bynum, 184 Okl. 36, 84 P.2d 424, 425, that:

"Under the provisions of section 671, O.S.1931, 12 Okl.St.Ann. § 1277, the court retains the right at any time, upon its own motion, or on the suggestion of any one interested, to make such reasonable order as may be necessary upon either or both of the parties to a divorce action to provide for the guardianship, custody, support, and maintenance of their minor children and such orders may be changed from time to time."

In Childers v. Childers, 202 Okl. 409, 214 P.2d 722, 726, this Court held:

"Under Sec. 1277, Title 12 O.S.1941, the court has continuing jurisdiction to modify a divorce decree as to child support and custody, and as to suit money, including costs and a reasonable attorney's fee for the attorney representing the wife. * * *"

We think the court's order for defendant to pay for child support $75 per month or "until further order of the court" is not void because it does not state the exact amount to be paid, and does not fix a definite total amount for the reason that the court might in the future change the order in any way it should see fit. The court did not know then the exact amount of the court costs ordered to be paid, but defendant was ordered to pay a definite amount to plaintiff's attorney and $100 travel expense money which plaintiff was entitled to recover because of the failure of defendant to comply with previous orders of the court.

Defendant asserts that the order for child support is void because contempt proceedings must be brought by the aggrieved party, the mother of the minor, and that she was not the aggrieved party because the payments ordered made for child support were ordered paid to the child's maternal grandparents, O. W. and Sadie Sneed. The defendant asked the court to order support money paid to the Sneeds. He stated that his reason was that if it be paid to plaintiff it would not be used for the support of his daughter. The plaintiff cannot be assumed to have lost her interest in her daughter, because she had permitted her own parents to have her custody. There was no showing of improper conduct on the part of the mother in this case.

In defendant's motion to modify the order for child support, entered February 1, 1956, he objected to the amount he had been ordered to pay. However, he failed to appear in person or by counsel when his motion was set for hearing in March, 1956, and again in August, 1956, when his motion was by the court overruled.

It was not until August 21, 1957, that the court ordered defendant to appear and show cause why he should not be punished as for contempt by reason of his wilful disobedience of the order of February 1, 1956. He was ordered to appear on August 26, 1957, and show cause why he should not be punished for contempt of court.

The citation for contempt was issued setting out three specific orders with which the defendant had failed to comply, all being failures to comply with the order of

February 1, 1956, as to making payments for child support, court costs, attorney fees and suit money.

The evidence is not disputed that the defendant had wilfully and contemptuously disobeyed the orders of the court in failing to make the payments ordered to be made. His long and protracted disregard of the court's orders is not disputed, and he offered no evidence that would excuse him in disregarding such orders. In view of all the facts in this case and our holding in Hadley v. Hadley, 129 Okl. 219, 280 P. 1097, and Johnson v. Johnson, Okl., 319 P. 2d 1107, we are of the opinion that the order in this case should be modified to the extent that should the defendant comply with the court's order as to the payment of the child support from February 15, 1956, to May 15, 1958, at $75 per month, attorneys fee of $75 and travel expense of $100, all three which total $2,275, less credits in the amount of $237.50, the jail sentence will be withdrawn, otherwise to be served until the 90 day sentence has expired or until full payment has been made in the amount of $2,037.50.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON and BERRY, JJ., concur.

WELCH, JOHNSON, JACKSON, and IRWIN, JJ., dissent.

WELCH, Justice (concurring in part and dissenting in part).

I agree that the judgment and sentence of 90 days imprisonment entered herein is clearly erroneous and cannot stand, as held in the majority opinion following the rule of Hadley v. Hadley, 129 Okl. 219, 280 P. 1097.

However, I think it would be better to remand the cause for further consideration and action in the trial court.

Then the trial court could determine and fix the balance remaining due from defendant to plaintiff, which, though requested, was not done by the trial court. The court also could consider other points including the age of the daughter, which may have become material in view of the necessity of vacating the judgment and sentence of 90 days, and directing in lieu thereof a commitment until further payment, or the accomplishing of the same thing by an entirely new commitment as is contemplated by the majority opinion.

In the original petition filed herein by the plaintiff on February 8th, 1944, she referred to her daughter as "Earlyn Tisdell, now approximately three years of age." Then the young lady is "now approximately twenty years of age."

As shown in the majority opinion there is contrary view between the majority and the trial court as to the exact amount paid by defendant in the last few years. There was no stated finding in the trial court of the exact or aggregate amount due plaintiff, though plaintiff sought such determination. The plaintiff alleged that $187.50 had been paid and that "there is now due and owing upon said child support and costs the sum of $1,312.50." This emphasizes the need for trial court hearing and determination of the exact amount due plaintiff so that the rights and liabilities may be lawfully fixed and effectively imposed.

Any commitment until payment should be quite certain as to the sum required to be paid. That is also true as to any judgment that might be rendered or entered for plaintiff and against defendant.

This particular proceeding originated on plaintiff's written application. Therein she specifically requested the trial court to determine the amount due her and that she have judgment for the same.

The prayer of that application was not only for citation of defendant as for contempt, but also that "the court determine the amount past due and owing her as child support and expenses, and that she have judgment for such amount," and that she have other and further relief as the court may deem just and proper.

The only disposition made in the trial court was the imposition of this sentence

of defendant to 90 days imprisonment, which we have found was erroneous and cannot stand. There was no fixing of the exact amount due, and no granting or denying of plaintiff's request and prayer for the entry of a judgment for plaintiff in an exact amount.

I think the cause should be remanded with directions to the trial court to vacate the 90 day sentence and re-try the matter, and to render judgment and/or to order commitment more in keeping with the presentations in the application and in consideration of and in keeping with the full rights and liabilities of the parties.

For failure of the court to so proceed, I respectfully dissent.