No. 28,945.

J. C. RAMSEY, *Appellant*, v. GRACE O. RAMSEY, *Appellee.*

(282 Pac. 590.)

Opinion filed December 7, 1929.

*H. W. Hart, Glenn Porter, Enos E. Hook, Edw. H. Jamison* and *Getto Mc-Donald,* all of Wichita, for the appellant.

*C. A. Matson, I. H. Stearns* and *E. P. Villepigue,* all of Wichita, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: In this action, in 1922, the defendant obtained a divorce from the plaintiff, was awarded the conditional custody of the minor children of the plaintiff and defendant, and was given alimony for the support of herself and of the children. Under section 60-1510 of the Revised Statutes that judgment has been modified at different times concerning the custody of the children and the amount of money to be paid to the defendant for their support. On July 21, 1928, the defendant moved the court that the plaintiff be required to come into court and show cause why he should not be committed for contempt for failing to comply with the order of the court made when the divorce was granted, and alleged that there was $600 permanent alimony due from the plaintiff to the defendant and approximately $3,000 temporary alimony, and that she had incurred obligations for the room and board of the minor children. After various proceedings under that motion and after the introduction of evidence, the court ordered the plaintiff to pay to the defendant $980.94 and made an additional order giving to the defendant the custody of Wynne Ramsey, a son of the plaintiff and

the defendant, and gave to her the custody of Eleanor Ramsey, a blind daughter of the plaintiff and the defendant, both minors. The court ordered the plaintiff to pay to the clerk of the court for attorneys of the defendant $75, unpaid on former orders, and the further sum of $50 for the preparation and trial of this proceeding. From the order directing the plaintiff to pay to the defendant $980.94, from the order giving the defendant the custody of Wynne Ramsey and Eleanor Ramsey, and from the order directing the plaintiff to pay attorney fees, the plaintiff appeals.

The court found—

"That on the 25th day of January, 1924, division No. 3 of this court changed the amount of money which plaintiff J. C. Ramsey had formerly been required to pay for the support of the minor children, by the judgment and order of this court made on the 23d day of October, 1922, and ordered him to pay $50 per month, $10 of which was to be applied on permanent alimony judgment and $40 for support of minor children.

"The court further finds that plaintiff J. C. Ramsey has not paid the money which he was ordered to pay by said judgments and orders to the defendant Grace O. Ramsey for the support of the minor children involved in this action, that there is owing and unpaid on said order for said support accruing during the last five years far in excess of the amounts which said defendant paid out of her own funds and obligated herself for in the support of said children."

The court also found the items for which the defendant had obligated herself for the support of the children and the items which she had paid out for that purpose and recited them in the judgment. They, together with interest thereon, amounted to substantially the amount for which she was given judgment against the plaintiff.

■ The plaintiff contends that the judgment was not supported by evidence. The items which the court found and which were recited in the judgment were shown by the evidence. It is not necessary to set out that evidence. The only purpose that could be accomplished by so doing would be to show that the plaintiff's contention is unfounded.

■ It is argued that the court did not have jurisdiction to render a money judgment against the plaintiff. Section 60-1510 of the Revised Statutes gave the court power to modify the original order concerning the custody and support of the minor children. It would be too technical to say that the court did not have jurisdiction to render the judgment that was rendered in the face of section 60-3317 of the Revised Statutes, which directs this court to disregard all mere technical errors and irregularities which do not affirmatively appear

to have prejudicially affected the substantial rights of the party complaining where it appears upon the whole record that substantial justice has been done by the judgment of the trial court. Here, from the evidence, this court must conclude that substantial justice has been done between the plaintiff and the defendant. For that reason, the statute compels an affirmance of the judgment.

The plaintiff argues that—

"The court erred in awarding attorneys' fees to appellee.

"The court erred in awarding appellee the custody of Wynne Ramsey and $10 per month for his support.

"The court erred in awarding appellee the custody of Eleanor Ramsey and $25 per month for her support."

These matters have been considered. While they appear to be seriously presented, the court does not consider them of sufficient moment to give them detailed discussion.

The judgment is affirmed.