## FELAND v. HIGH.

No. 26397. April 13, 1937.

Rehearing Denied May 18, 1937.

Roy Glasco, for plaintiff in error.

Smith & Harbison, for defendant in error.

PER CURIAM. This is an action brought by Mary High to recover a judgment against John R. Feland, C. Leslie Jones, and Employees Building & Loan Association for the sum of $1,000 on account of conversion of stock. The parties will be referred to in the same manner in which they appeared in the trial court.

The plaintiff alleged that on the 5th day of January, 1930, and prior thereto, she was the owner of ten shares of stock in the Employers Building & Loan Association; that the said John R. Feland represented to the plaintiff that he was in need of money and desired to use said stock as security for a loan. The record discloses that on or about the 8th day of January, said certificate representing ten shares of stock was surrendered to the Employees Building & Loan Association, and the Employees Building & Loan Association executed and delivered to some one check for the sum of $988.23. This check was payable to the order of Mrs. Mary High and shows her endorsement on the back of the check. However, Mrs. High denies that she endorsed this check.

The plaintiff and defendant had been keeping company with each other for a good many years, and were married on November 9, 1931. The plaintiff testifies that she purchased the stock and paid for it with her own money, and the payments were made to C. Leslie Jones, who was cashier of the Purcell Bank & Trust Company of Purcell, Okla. Mr. Jones was also agent at Purcell for the Employees Building & Loan Association. The defendant, John R. Feland, was vice president and managing officer of the Pur-

cell Bank & Trust Company. C. Leslie Jones and the plaintiff both testified that the payments on the stock were made in cash by the plaintiff. The defendant testified that the stock was taken out to accumulate money to buy furniture for plaintiff and defendant, and the defendant gave the plaintiff money to make the payments.

The plaintiff testified that she kept the stock in the deposit box in the Purcell Bank & Trust Company, Purcell, Okla.; that the defendant had access to this box. The plaintiff further testified that she discovered during the early part of 1932 that this stock was missing. The record discloses that the plaintiff brought suit for divorce, the petition being filed January 30, 1932; an amended petition was filed September 24, 1932. A trial of the divorce case was had on the 24th day of September, 1932, which resulted in a judgment granting a decree of divorce to plaintiff, and approving a settlement of property rights existing between the plaintiff and defendant.

There is no doubt but that the plaintiff knew her stock was missing prior to the time the divorce case was tried, and prior to the time the settlement was entered into between the plaintiff and defendant. There is no question but what the stock was an item of controversy between the parties, or there would not have been the notice to take the depositions at Guthrie.

Judgment was rendered in favor of the plaintiff and against John R. Feland only, for the sum of $988.23, interest and costs, and from this judgment the defendant has appealed. The defendant bases his appeal on two propositions: He contends that the judgment in the divorce case and the property settlement was a full adjudication of all the demands existing between the plaintiff and the defendant at the time of the rendition of the judgment and the settlement of the controversy.

It is our opinion that the contention is correct.

In the divorce proceedings between the parties, the court stated that a property settlement between the plaintiff and the defendant had been reached, and that "the same is hereby confirmed and approved by the court as a fair, reasonable and just settlement between the parties of the property rights."

Section 672, O. S. 1931, reads as follows:

"When a divorce shall be granted by reason of the fault or aggression of the husband, the wife shall be restored to her maiden name if she so desires, and also to all the property, lands, tenements, hereditaments owned by her before marriage or acquired by her in her own right after such marriage. * * *"

By this it would appear that the question of title to the property in question could be settled by the divorce proceedings.

Section 673, O. S. 1931, reads as follows:

"A divorce granted at the instance of one party shall operate as a dissolution of the marriage contract as to both, and shall be a bar to any claim of either party in or to the property of the other, except in cases where actual fraud shall have been committed by or on behalf of the successful party."

The reasonable construction of these two sections is that this controversy could have been properly settled in the divorce suit, and, therefore, the divorce suit and decree are a final adjudication of this matter in the absence of fraud in the procuring of the divorce. No such fraud appears.

These statutes were adopted from Kansas. The Supreme Court of Kansas, in Roe v. Roe, 52 Kan. 724, 35 P. 808, holds:

"The final judgment in an action granting a divorce settles all property rights of the parties, and is a bar to an action afterwards brought by either party to determine the question of alimony, or any property rights which might have been settled by such judgment."

This would appear to be the correct interpretation of the statute.

Plaintiff, in her petition for divorce, asked "for an equitable division of said property for a reasonable sum as permanent alimony and attorney's fees," and alleged "that this plaintiff has no property or income whatsoever and no means of supporting herself."

The court in its final decree of divorce used the following language:

"And it further appearing to the court that plaintiff and defendant have reached a settlement of property rights between themselves whereby the defendant pays to the plaintiff the sum of $350 cash in settlement of all rights, title, interest, claims and demands of whatsoever nature and kind which the plaintiff had, has or may have in the future against the defendant or any of his property of whatsoever nature and kind and wheresoever located, as the wife of said defendant, and plaintiff has agreed to release said defendant and his property from all of such claims and demands upon the payment of said sum of $350; and it appearing to the court that, since the filing of this suit, the defendant has lost

practically all of his property by reason of the failure of the Purcell Bank & Trust Co. of Purcell, Okla., and that he is heavily involved financially and in straightened circumstances, the court finds that said settlement, under the circumstances, is fair, just and reasonable, and the same should be approved."

Plaintiff's action in giving a receipt in full settlement; in serving defendant in the divorce case with a notice to take depositions in Guthrie; and in testifying that at the time of the divorce she knew that the defendant had used the stock for his own purposes, preclude her from claiming that the matter was not settled by the decree of divorce.

As to the second contention of the defendant, that the claim was barred by the statute of limitations, the evidence shows that the plaintiff brought her suit within the time allowed by the statute of limitations after she had discovered the actual situation, and had the matter not been already adjudicated, then it would not have been barred by the running of the statute.

Reversed.

The Supreme Court acknowledges the aid of Attorneys John H. Wright, Harris L. Danner, and Lee B. Thompson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Harris L. Danner, and approved by Mr. John H. Wright and Mr. Lee B. Thompson, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

BAYLESS, V. C. J., and BUSBY, WELCH, PHELPS, and GIBSON, JJ., concur.