## DOAK v. DOAK.

No. 28866.   May 14, 1940.

Rehearing Denied June 18, 1940.

Application for Leave to File Second Petition for Rehearing Denied July 16, 1940.

*104 P. 2d 563.*

508

H. B. Lockett, of Duncan, for plaintiff in error.

Paul D. Sullivan, of Duncan, for defendant in error.

WELCH, V. C. J. In an action by Lovie Lee Doak against Dudley N. Doak there was final decree in 1921 in favor of plaintiff, granting divorce, custody of minor children, and adjudging that defendant pay monthly installments for child support. Thereafter, on hearing, the decree, as it related to the matter of child support, was modified in 1929, and it was adjudged or ordered that the defendant thereafter pay child support money in the sum of $25 per month to plaintiff direct or through the court clerk, and in that judgment or order it was specifically provided that execution should issue for any such installment which should mature and become delinquent.

Thereafter, in January, 1938, upon plaintiff's praecipe an execution was issued on the theory that all prior installments, except possibly one or two of the first installments, had never been paid and were delinquent. That execution was never served or levied. The defendant filed motion to quash and recall, and levy was stayed pending hearing, and the execution was returned without levy. Upon hearing, and upon appearance of both plaintiff and defendant and their attorneys, the trial court found that certain stated installments maturing within five years last past were unpaid, and directed that execution issue therefor in favor of plaintiff and against the defendant.

Two or three hearings, interrupted by postponement or continuances, were held on the matter. At such hearing it developed that the youngest child had attained majority in September, 1937, and the court so found, but in the trial court's order of execution there were only included the monthly installments which matured prior to the date in September, 1937, when such child reached majority.

It is from this order of the trial court directing that execution issue that this appeal is prosecuted. It is not necessary that we consider the validity of the former execution, issued but returned without levy; nor is it necessary that we here consider or determine the right of plaintiff, if any, to have execution on praecipe, without court order, as was here first attempted. These questions are not directly involved here, and we expressly do not determine them. The appeal here is an attack upon the order of the trial court directing execution for stated delinquent installments.

The defendant presents his assignments of error in three propositions, and we shall consider them in order.

It is first contended that plaintiff was without legal right or authority to have an execution issue in her favor after the minor child reached majority. This contention is based on the theory that after the child reached majority the mother had no further parental authority. The defendant cites section 1689, O. S. 1931, 10 Okla. St. Ann. § 10, which provides in material substance that "The authority of a parent ceases: * * * Third. Upon its (referring to the child) attaining majority." Defendant cites former decisions of this court construing and applying this statute, but they have no application here and are not in point. The plaintiff is not here proceeding as such an agent for her child as would make applicable the principles applied in those decisions or in the quoted statutes. The plaintiff is here proceeding to collect money due her, although covering child support balances, which fully matured and became due and delinquent during the minority of the child. On this point the defendant cites no applicable authority supporting his contention. It is not contended, if indeed it would be material or important, that the child was not continuously in the custody of and supported by the mother, during all of the period up to majority. We find no merit in this contention.

For a second proposition, and from the brief, the chief contention, it is urged

that an execution may not legally issue to collect the payment of money for child support, fixed in divorce decrees as in the instant case. It is here contended in effect that payment of these installments could have been collected by coercive measures, that is, by contempt proceedings and attachment and imprisonment of the defendant, but that an execution could not issue to collect such installments. The defendant cites ancient authorities to the general effect that a court of equity or a chancellor has not the authority to enforce decrees by general execution. It is true that anciently the courts with purely equitable jurisdiction and authority had not the power to issue general executions. But we do not now preserve the distinction between such courts. Our district courts have all of the power formerly vested in courts of equity and courts of law, with all of the power heretofore vested in either of such courts. That includes the power to issue execution to collect money adjudged to be due, and that is true whether the money is adjudged to be due in an action such as would heretofore have been denominated an equity action, as upon accounting or for cancellation or rescission for fraud; or whether in an action for money judgment on contract or debt, such as would have heretofore been denominated an action at law. By statute we have abolished all distinction between suits at law and suits in equity, substituting therefor a "civil action."

Of course the principles of equity have in no sense been destroyed, nor has the right to seek equitable relief nor the power to grant equitable relief been affected. We have merely provided that such relief be sought in and granted by the "district court," in a "civil action."

See sections 4, 439, O. S. 1931, 12 Okla. St. Ann. §§ 10 and 732; 23 C. J. 315, par. 16; 17 Am. Jur. 501; Harlan v. Harlan (Cal.) 98 P. 32; Gaston v. Gaston (Cal.) 46 P. 609; Davis v. Davis (Kan.) 65 P. 2d 562 and 81 P. 2d 55; De Vall v. De Vall (Ore.) 109 P. 755; Whitehead v. Whitehead, 91 Okla. 136, 217 P. 374; Stanfield v. Stanfield, 67 Okla. 56, 168 P. 912.

The defendant urges further on this proposition that there was no such final judgment as would support execution. It is of course fundamental that an execution may not be issued to collect money until determination and judgment thereof and therefor. In this case there was final judgment in the divorce action, which included therein an order requiring payment of the monthly installments, and all the monthly installments matured and became delinquent without modification, or indeed without modification having been sought by defendant. No authority is cited supporting the contention that this judgment or decree, followed by the last hearing and determination of the trial court as to the amount due and delinquent and directing execution therefor, is insufficient to support the issuance of execution. It should be specially noted that the defendant does not base his attack upon any lack of, or defect in, the notice of the hearing or series of hearings upon which the trial court based its order directing execution to issue. It appears from the record that these hearings followed defendant's filing of motion to quash execution and plaintiff's response thereto containing prayer for such other and further relief as she should be entitled to. It does not appear that the plaintiff in this written pleading specifically or in exact language requested an order for execution. It does not specifically appear that the trial court entered any order directing a hearing upon the question of the issuance of a new execution. The record does not disclose the testimony, if any was introduced, at the hearing. However, the court's order based on this hearing recites the hearing at great length, recites the appearance of the parties and their attorneys, and from such hearing, and based thereon, the court determined the specific installments unpaid, and determined the date at which the youngest child became of age, and specified the installments to be computed into the sum for which execution was directed to issue. We specifically note that the defendant makes no objection to the method of procedure, but bases his attack upon the lack of

power of the trial court to direct general execution in favor of plaintiff.

It may be that better procedure would have directed that plaintiff, in her written response, specifically seek determination of the amount due and for execution therefor; that formal notice be given or served upon defendant of the date and purpose of hearing, with time to plead; that upon hearing the testimony be taken and preserved for use on appeal, with, of course, full right to either party to introduce evidence at the hearing. However, if that should be so in the instant case, it does not appear that the defendant was prejudiced in any manner by the informal procedure and presentation of the matter to the trial court. The defendant does not question the correctness of the trial court's determination as to the number of installments past due and unpaid, nor the amount involved therein, nor does he suggest that he was not permitted to present evidence and resist the determination as much as he desired, nor does he suggest any prejudice by lack of notice or any lack of formality in the proceedings. Under such circumstances we are entitled to assume that the trial court's determination was in fact correct and that the defendant was not prejudiced and was satisfied with such notice and opportunity to be heard as he had in the trial court. At least we may so assume for the purpose of considering and passing upon the questions here raised. See sections 252 and 388, O. S. 1931, 12 Okla. St. Ann. §§ 78 and 636, and decisions cited in the annotations; Davis v. Davis (Kan.) 65 P. 2d 562, and Ramsey v. Ramsey (Kan.) 282 P. 590.

For his third proposition the defendant contends that if the execution is based upon the judgment of December 5, 1929, then the same became dormant in five years thereafter and for that reason no execution could issue. On that point, if our conclusion is correct on the chief question, that is, if we are correct in holding that a general execution may be legally issued by order of court to collect matured and unpaid installments of money for child support, then it would

logically and necessarily follow that this contention on the third proposition is without merit. Of course execution could not issue to collect any such installment until after the same matured and became delinquent, and the time for issuing execution could in no event begin to run as to an installment until it became due and delinquent. See 17 Am. Jur. 504; Gaston v. Gaston (Cal.) 46 P. 609. It may be that, after any certain installment had remained delinquent and unpaid for five years, execution could not then issue thereon, but that question is not presented and we do not need to pass on it and do not pass upon it. The defendant cites no authority to sustain this third proposition. He does cite authority by statute and decision that an execution must be issued within five years from the date it could first issue, but they can have no application in support of this contention.

We find that the attack here made by defendant, upon the order of the trial court appealed from, is not sustained. The determination of the trial court as to the facts is presumed to be correct, and since we have found that the correctness thereof is not attacked, and that the attack made on the power of the trial court is not sustained, it follows that the order to issue execution appealed from should be, and the same is, affirmed.

RILEY, OSBORN, CORN, and HURST, JJ., concur. DAVISON, J., concurs in conclusion. BAYLESS, C. J., and GIBSON and DANNER, JJ., dissent.

---

DANNER, J. (dissenting). I respectfully dissent to the majority opinion of the court.

On the 5th day of December, 1929, a decree of divorce was granted by the district court of Stephens county in the case of Lovie Lee Doak against Dudley N. Doak. The property rights between the plaintiff and defendant were settled. Lovie Lee Doak was given custody of the minor children of the union, and in addition the court entered an order as follows:

"It is therefore by the court considered, ordered, adjudged and decreed that the defendant pay the plaintiff or to the court clerk of Stephens county, Oklahoma, for the support and maintenance of said minor children, * * * the sum of $25 each month *as long as this order and decree remains in force and effect or shall not be modified.* * * *"

Thereafter the plaintiff caused execution to issue on the above order, and on the 20th day of January, 1938, Dudley N. Doak filed a motion to quash the execution on the ground that the plaintiff did not have a judgment on which execution could legally issue. To this motion to quash, Lovie Lee Doak filed a response wherein she denied the allegations of the motion and set up that the execution was based upon a judgment which had not been modified. No affirmative matter was set up in the response and no pleading was filed which would entitle the plaintiff to affirmative relief.

The hearing on the motion to recall execution was finally heard on the 30th day of March, 1938, the journal entry reciting:

"This cause coming on to be heard upon the defendant's motion to quash execution and the defendant's motion to recall execution and the defendant's motion to enter judgment nunc pro tunc. * * *"

The journal entry also recites that on the 11th day of February, 1938, a hearing was had and "the defendant was permitted to withdraw his amended motion to quash execution (styled motion to recall execution) and his motion to enter judgment nunc pro tunc, leaving only his original motion to quash execution pending herein." It will thus be seen that the only matter before the court was the motion to quash execution.

Nevertheless, and without any pleadings justifying any action other than to recall the execution, the court entered a further order to the following effect:

"It is further ordered that upon a praecipe duly filed therefor by plaintiff within the time prescribed by law that the clerk of this court shall issue general execution on the judgment heretofore rendered on the *5th day of December, 1929,* for the $25 installment falling due on February 5, 1933, and for a like installment falling due on the 5th day of each month thereafter up to and including the installment falling due on September 5, 1937, together with interest on each installment from the date thereof at the rate of 6% per annum and for all costs of this action unless defendant satisfies said judgment prior to the issuance of such execution."

It will be noted by the above-quoted portions of the journal entry that the court ordered execution on a "judgment" rendered the 5th day of December, 1929, and *in addition thereto* allowed interest at the rate of 6% per annum on all delinquent payments. I think the majority opinion of the court is erroneous for the following reasons: First, there was no final judgment entered on the 5th day of December, 1929; second, there was no pleading justifying such an order as above set out; third, there was no evidence to determine the amount due, and the defendant was undoubtedly entitled to a hearing on that question.

In the petition in error filed herein Dudley N. Doak raises the question that there was no judgment on which execution could issue, and especially raises the question that the court erred in directing the court clerk to issue execution for some amount or amounts of money without any showing that the plaintiff was entitled thereto. This specification of error directly attacks the action of the court in attempting to fix or find the amounts actually due under the order of December 5, 1929.

In order to determine whether the action of the trial court was correct, we first must determine whether or not there was actually a judgment rendered on the 5th day of December, 1929. A judgment is defined by section 416, O. S. 1931, 12 Okla. St. Ann. § 681, as follows:

"A judgment is the final determination of the rights of the parties in an action."

It is unnecessary to quote many cases under this section of the statute. It is

sufficient to cite Harriss v. Parks, 77 Okla. 197, 187 P. 470, wherein we held:

"It is essential to the creation of a judgment that there shall be a judgment which is final and not merely interlocutory, capable of collection by execution against the debtor's property, rendered by a lawfully and validly constituted court, and being a valid and subsisting judgment, *for the payment of a definite and certain sum of money.*"

Does the order of December 5, 1929, meet these requirements? I think not. First: The defendant was directed to pay "as long as this order and decree remains in force and effect or shall not be modified." This shows that the order was merely interlocutory. Second: The judgment must be capable of collection by execution against the debtor's property. The order fails in this requirement, in that it was not final and for the further reason that it was not for the payment of a definite and certain sum of money. Some further action of the court would be necessary before the order could ripen into a definite judgment. In other words, there would have to be a finding of the amount remaining due under the order and a judgment rendered for a certain, definite, and specific sum.

The majority opinion is predicated upon the theory that the action of the court on the 30th day of March, 1938, was such a hearing that the court was justified in entering a specific judgment and directing execution.

We should bear in mind, however, that the only matter before the court was the motion to quash execution. There were no pleadings on file requesting a judgment on the unpaid amount due under the order of December 5, 1929.

The journal entry does not show that any evidence was taken as to the amounts due under the original order. It shows the opposite. So, even though we concede that there might have been a judgment rendered at this time, this purported judgment would still lack the essentials of a valid judgment for the reasons that (a) there were no pleadings to support a judgment; (b) there was no judgment rendered, but merely an order directing that execution issue on the order of December 5, 1929; (c) again, there was no definite amount fixed, the amount was left to be calculated either by the court clerk or by the attorneys for the plaintiff. In other words, the court did not attempt to render judgment on the 30th day of March, 1938, but merely to award an execution on an order entered on the 5th day of December, 1929.

Dudley N. Doak was in court for one purpose only, and that was for the purpose of attempting to have execution quashed. The journal entry of judgment recites that the matter was heard on defendant's motion to quash execution. The record affirmatively discloses that nothing was before the court, other than the motion to quash by Dudley N. Doak, and the response to motion to quash by Lovie Lee Doak.

There were no pleadings which raised any question as to the amount remaining due on the order of December 5, 1929, and there was no evidence on that question. Consequently the court had no power to fix the amount due. In the case of Rogers, County Treasurer, v. Bass & Harbour, 47 Okla. 786, 150 P. 706, we held:

"A judgment, which is entirely outside of any issue made by the pleadings or the evidence in the case, is a nullity."

To the same effect is LeClair v. Calls Him, 106 Okla. 247, 233 P. 1087.

An inspection of the record in this case discloses that the purported orders do not amount to the dignity of judgments, and, particularly, the purported judgment of March 30, 1938, is void upon its face. The case last above cited quotes with approval Rogers, County Treasurer, v. Bass & Harbour, supra, and also quotes from Pettis v. Johnston, 78 Okla. 277, 190 P. 681, as follows:

"A judgment which is void upon its face and requires only an inspection of the judgment roll to demonstrate its want of validity is a 'dead limb upon the judicial tree which may be lopped

off at any time'; it can bear no fruit to the plaintiff, but is a constant menace to the defendant, and may be vacated by the court rendering it 'at any time on motion of a party or any person affected thereby.' * * *"

Proper procedure in the lower court would have been the filing of an application to ascertain the amount due under the order of December 5, 1929, the service of notice on the defendant and the rendition of judgment against the defendant in case the facts warranted the rendition of a judgment. This was not done.

The judgment should be reversed, with directions to the trial court to quash the purported execution issued therein.