REYNOLDS v. REYNOLDS.

No. 30757. April 6, 1943.

Rehearing Denied June 8, 1943.

*137 P. 2d 914.*

Milton W. Hardy and H. O. Bland, both of Tulsa, for plaintiff in error.

H. L. Smith and Robert B. Thomas, both of Tulsa, for defendant in error.

PER CURIAM. This action was instituted in the district court of Tulsa county on October 4, 1939, by the defendant in error, hereinafter referred to as plaintiff, against the plaintiff in error, hereinafter referred to as defendant, to recover a judgment for accrued unpaid installments of child support money alleged to be due under the provisions made therefor in a divorce decree.

The plaintiff in her petition alleged, in substance, that she and defendant had been divorced by the district court of Washington county on August 17, 1932, and that plaintiff had been awarded the custody of the minor child of the parties and defendant had been directed to pay to the court clerk of said county the sum of $100 per month to be paid to the plaintiff for the support and maintenance of said minor child during her minority; that the defendant had paid no part of the money which he had been directed to pay, and that the entire sum had become due and payable and that plaintiff had supported and maintained the child during her minority and that defendant was therefore indebted to plaintiff in the sum of $4,800 for which sum together with interest from the maturity of each installment plaintiff prayed judgment. The defendant in his answer admitted the previous marital status of the parties and the decree of divorce and that the same contained a provision which required him to pay the sum of $100 per month to the court clerk to be paid to the plaintiff for the support of the minor child of plaintiff and defendant. Defendant alleged, however, that said decree had been modified by verbal instructions given him at a hearing held on September 26, 1932, pursuant to citation which plaintiff had caused to be issued; and that furthermore said provision relative to child support had been fully satisfied by expenditures which defendant had made directly for the support, education, and maintenance of the child, and that all installments which had accrued and remained unpaid for more than five years prior to the institution of the instant action had been barred by the statute of limitations. The

district court of Tulsa county on its own motion transferred the cause to the court of common pleas. The parties thereupon waived a jury and tried the cause to the court. At the trial the parties stipulated that the child involved had attained her majority on April 10, 1936, and defendant admitted that he had made no payments to the court clerk of Washington county as he had been directed by the decree of August 17, 1932.

The evidence adduced at the trial was in conflict in some material respects, but disclosed, substantially, the following state of facts: That at the hearing had on September 26, 1932, there was no record made of what was done, but that thereafter, on March 31, 1941, an order nunc pro tunc was entered which recited that the citation for contempt had been dismissed; that in September, 1933, the defendant placed the child in a boarding school at Tulsa and paid her board and tuition there during the succeeding school years until the child attained her majority, which the parties stipulated occurred on April 10, 1936; that the plaintiff had the custody of the child and supported and maintained her when she was not in school and furnished her some support and maintenance during the time she was in school; that the decree of August 17, 1932, had never been modified or vacated or any attempt made so to do during the minority of the child involved, and that plaintiff had made no attempt to enforce payment of the support money subsequent to the hearing had on September 26, 1932, and until the institution of the present action. The trial court found from the evidence, substantially as above narrated, that the decree of August 17, 1932, had never been vacated nor modified; that plaintiff had the custody of the child during her minority; that she was entitled to the support money which defendant had been directed to pay to the court clerk; that she had received no portion thereof, and that by reason of her failure to take action to enforce payment, all installments which had accrued and remained unpaid for more than five years

prior to October 4, 1939, were barred by the statute of limitations, and that likewise the defendant was not entitled to claim credit for any expenditures which he may have made directly to the child or for her benefit during said period, and that plaintiff was entitled to recover only those installments which came due within the limitation period prior to the institution of the case at bar with interest on said installments from the date of their maturity, and thereupon rendered judgment in favor of plaintiff for the aggregate sum of $2,453.70, with interest thereon at 6 per cent from the date of said judgment. Motion for new trial, which challenged the jurisdiction of the court to enter a judgment for failure of allegations and proof required under the Intangible Tax Law (68 O. S. 1941 § 1515), was overruled after plaintiff was permitted to introduce proof to the effect that she had returned and paid the tax required by said law; defendant appeals.

As grounds for reversal the defendant urges five propositions, which may be summarized as follows: (1) The provision for child support contained in the divorce decree was not a final judgment; (2) the existence of a final judgment was essential to the maintenance of plaintiff's action; (3) the plaintiff had no interest in the child support provision of the decree which would entitle her to maintain the present action; (4) the court erred in excluding certain evidence and testimony offered by the defendant; (5) the action should have been dismissed under the authority of the Intangible Tax Law.

Under the first proposition the defendant urges that the original child support order was interlocutory and that the district court which made such order was the sole court which had jurisdiction to determine any amount due thereunder, and that the dismissal of the citation on September 26, 1932, superseded the prior order, and that the provision of the decree relative to child support was extinguished by subsequent conduct and agreement of the parties. In support of the contention

so advanced and the argument so made, the defendant cites Wells v. Shriver, 81 Okla. 108, 197 P. 460, Kenoly v. Hawley, 84 Okla. 120, 202 P. 494, Rogers v. Duncan, 57 Okla. 20, 156 P. 678, Bashore v. Thurman, 152 Okla. 1, 3 P. 2d 712, and a number of other decisions which distinguish between interlocutory and final orders and other cases hereinafter mentioned which, insofar as applicable to the case at bar, either are incidental or else contrary to the application which the defendant seeks to have here made.

An order for child support is interlocutory during the minority of the child. 12 O. S. 1941 § 1277; Bynum v. Bynum, 184 Okla. 36, 84 P. 2d 424; Newberry v. Newberry, 147 Okla. 249, 296 P. 202. Modification of such an order must be prospective and cannot be retroactive. Sango v. Sango, 121 Okla. 283, 249 P. 925. Installments which accrue and remain unpaid may not be enforced by contempt proceedings after the child has attained majority. Lowry v. Lowry, 189 Okla. 650, 118 P. 2d 1015; McCartney v. Superior Court of Okmulgee County, 187 Okla. 63, 101 P. 2d 245. The right of the party entitled to such accrued unpaid installments to recover the same is, however, not thereby impaired. Lowry v. Lowry, supra; Doak v. Doak, 187 Okla. 507, 104 P. 2d 563. In such case the action is one upon a debt created by law and evidenced of record and not one upon a final judgment and may be maintained either in the court which directed payment (Doak v. Doak, supra) or in any other court of competent jurisdiction. West v. West, 114 Okla. 279, 246 P. 599; McCormick v. Collard, 105 Ind. App. 92, 10 N. E. 2d 742. The defendant in effect concedes that the district court of Washington county would have had jurisdiction to grant plaintiff the identical relief which she obtained in the court of common pleas, but urges that such court had exclusive jurisdiction in the premises. The cases of Doak v. Doak, supra; Jones v. Jones, 177 Okla. 181, 58 P. 2d 330; Lowry v. Lowry, supra, and Wells v. Shriver, supra, cited by defendant, do not sup-

port this contention, and as previously stated Doak v. Doak, supra, is contrary thereto. The action of plaintiff being one in which a final judgment in the ordinary acceptation of the term was not necessary nor involved, the second proposition advanced by the defendant becomes moot and wholly without application.

Under the third proposition defendant cites Alcorn v. Alcorn, 187 Okla. 196, 102 P. 2d 121; Feland v. High, 180 Okla. 93, 67 P. 2d 967; Hadley v. Hadley, 129 Okla. 219, 280 P. 1097; Kunc v. Kunc, 186 Okla. 297, 97 P. 2d 771, and numerous other decisions from this and other jurisdictions which deal with situations where the rights of minors were involved and during the existence of their minority. An examination of the cases cited will reveal that they have no application to a situation such as is here presented. On the contrary, as said in Doak v. Doak, supra:

"In such case, the fact that the child has attained majority does not bar plaintiff from proceeding to collect monthly installments of support money accruing before date of child's majority."

See, also, Sunshine Oil Co. v. Chantry, 186 Okla. 49, 96 P. 2d 20. The plaintiff was the real party in interest.

It is next contended that the court erred in excluding certain testimony and evidence offered by the defendant. The evidence and testimony so offered and excluded appears to have had no material bearing upon the issue which the court was called upon to determine, but rather consisted of evidence to the effect that the child of the parties had not consented to the bringing of the action and which tended to impeach the testimony of plaintiff in certain respects. It is not shown that the exclusion of this testimony and evidence resulted in any substantial prejudice to the rights of the defendant. Where a cause is tried to the court without the intervention of a jury, admission or exclusion of evidence is ordinarily a matter resting in the sound discretion of the court. In the absence of a showing that substantial prejudice has resulted from the action of the court and rulings thereon, this court will ordinarily not interfere.

Finally, it is contended that the action should have been dismissed under the direction of the Intangible Tax Law. 68 O. S. 1941 § 1515. The action of plaintiff was not one which was required to be assessed and taxes paid thereon under the requirements of the above act, since the act applies only to those intangibles defined therein. For this reason the action of the court in permitting proof to be made at the hearing on motion for new trial that plaintiff had complied with the requirements of the act was immaterial and at the most constituted merely harmless error. The action being one tried to the court without the intervention of a jury, the judgment will be given the same consideration as the verdict of a properly instructed jury and will not be lightly interfered with. It appears from an examination of the record that the case was fairly tried and that the defendant was afforded every opportunity to present his defenses and was given the benefit of the statute of limitations upon all installments which matured more than five years prior to the institution of this action, and that the evidence amply supports the judgment rendered by the court in favor of plaintiff. No reversible error is presented.

Judgment affirmed.

CORN, C. J., GIBSON, V. C. J., and RILEY, OSBORN, BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur. WELCH, J., absent.