## WALLACE v. WALLACE.

No. 19617. Opinion Filed Nov. 4, 1930.

Tom Payne and A. L. Emery, for plaintiff in error.

Eaton, Burroughs & Cavanaugh, for defendant in error.

HEFNER, J. Edna Wallace, for plaintiff in error, and Guy Wallace, the defendant in error, were married April 27, 1923. On October 5, 1924, a daughter whom they named Cathleen was born. Thereafter the wife brought suit for divorce and her petition was granted by the district court of Okmulgee county. The order for divorce has become final. In a later order of that court the custody of the child was given to the mother for one month, then to the father for the next month. It is from this order that the wife prosecutes this appeal.

Since the filing of the appeal in this court, the plaintiff has filed her motion here for the exclusive custody of the child, pending a disposition of the appeal, and the motion was served on counsel for the defendant and no response or answer was filed by him.

In the motion for the temporary custody of the child, the mother alleged that the father had failed and neglected to provide the necessary clothing and medical attention and that she and her parents have provided the child with clothing and also paid its doctor and medical bills. She further alleges that her attorney called the attention of the defendant in error to his failure to make provision for the child, but notwithstanding this notice he neglected to comply with the order of the court in this respect. On the hearing of the motion this court entered this order:

"Now on the 17th day of June, 1929, the motion filed herein by the plaintiff in error for the exclusive custody of the child pending the disposition of this case on appeal is hereby sustained; and,

"It is therefore ordered that, until the final disposition of this case on this appeal, the plaintiff in error shall have the exclusive custody and care of the child, Cathleen Wallace, subject, however, to the right of the defendant in error to visit the child at any reasonable time.

"Charles W. Mason, Chief Justice."

In awarding the custody of a minor child in cases of this character, the paramount issue always is the best interest and welfare of the child. Section 6584, C. O. S. 1921, provides:

"In awarding the custody of a minor, or in appointing a general guardian, the court or judge is to be guided by the following considerations:

"First. By what appears to be for the best interest of the child in respect to its temporal and its mental and moral welfare; and if the child be of sufficient age to form an intelligent preference, the court or judge may consider that preference in determining the question.

"Second. As between parents adversely claiming the custody or guardianship, neither parent is entitled to it as of right, but, other things being equal, if the child be of tender years, it should be given to the mother; if it be of an age to require education and preparation for labor or business, then to the father."

In the case of Morris v. Morris, 81 Okla. 222, 198 Pac. 70, this court announced a wholesome rule as follows:

"It is provided in section 3331, supra, that in awarding the custody of a child the court or judge must be guided by what appears for the best interest of the child, in respect to its temporal, mental, and moral welfare. Thus the Legislature has enacted into statute law a most benign principle, one that has long been recognized and followed by our courts of justice. It is a principle which underlies good citizenship, it is a duty which goverment itself is obligated to discharge toward a child, and upon the degree of fulfillment of such duty depends the benefits which the government may derive from a good citizen or the detriment it may sustain from a bad one."

It is most unfortunate when a home is broken up and children of young and tender years become an object of controversy between the father and mother. The child is innocent and in no way to blame. The unfortunate misunderstanding of the father and mother works a great hardship upon the child. It is deprived of that home life and the love, care, and protection of both the father and mother that it so justly deserves. It is entitled to be reared in a home where the father and mother understand each other and understand their duty and obligation toward the child. When the obligation and vows taken by the father and mother when they were married have been broken and the home life destroyed, the greatest hardship of all falls upon the innocent child. It then becomes a question for the court to determine what appears to be for the best interest of the child in respect to its temporal, mental, and moral welfare. As between the parents claiming the custody of the child, neither parent is entitled to it as of right, but, other things being equal, if the child be of tender years, as this one is, it should be given to the mother; if it be of an age to require education and preparation for labor or business, then to the father. This, of course, is upon the assumption that both the father and mother are fit persons to have the care and custody of the child.

In the case at bar the trial court in effect found that both the father and mother were fit persons to have the custody of the child. It ordered that its custody be alternated between the two from month to month.

Here a minor child is involved and our law has very wisely given to the trial court a continuing jurisdiction in cases of this character. At any time upon a changed condition the court is authorized, and it is its duty to change or modify its orders in reference to the custody and maintenance and education of the child if in its judgment it is for the best interest of the child to do so. This may be done at any time during the child's minority.

The child is now five years of age. We think, under all the facts of this case, that the temporary order made herein on the 17th day of June, 1929, should be made permanent.

It must be understood, however, that in accordance with our statute, upon any changed condition since the order of the trial court, it has jurisdiction upon a proper showing to make such further orders as it deems best for the care and education of the child. It is in a better position to determine this question than is this court. It has all of the parties before it, it sees them, hears them testify, and can therefore better determine what is for the best interest of the child. The judgment of the trial court is vacated and the order made herein by this court on the 17th day of June, 1929, is made permanent.

MASON, C. J., and CLARK, CULLISON, SWINDALL, and ANDREWS, JJ., concur. LESTER, V. C. J., and RILEY and HUNT, JJ., absent.

Note.—See under (1) anno. 41 L. R. A. (N. S.) 564; 48 A. L. R. 137; 14 R. C. L. p. 271. (2) 14 R. C. L. 272.