BLACKWOOD v. BLACKWOOD.

No. 34013.   March 27, 1951.

*229 P. 2d 602.*

Blackstock & Follens, Tulsa, for plaintiff in error.

T. F. Dukes, Hominy, for defendant in error.

GIBSON, J. Alfred E. Blackwood, defendant in error, and Bettye G. Blackwood, plaintiff in error, were formerly man and wife, and of the marriage there was born one child, a daughter, named Sherry Ann Blackwood. The parties were divorced, in this action, on October 21, 1948, at which time the daughter was approximately 2 years and 9 months of age. By the terms of the decree the husband was awarded the divorce, the property rights of the parties were settled and the custody of the daughter awarded in part-time to each of the parents. The mother's appeal challenges the correctness of the judgment only in the matter of the award of the daughter's custody. The assignments of error are presented under the following propositions:

(1) "The court erred in awarding any custody of the child involved in the case to the plaintiff."

(2) "The court erred in awarding divided custody of the child for a two weeks' period to one of the parents and then for a two weeks' period to the other parent."

These propositions will be considered together since the contention as to each is that the award is contrary to law because at variance with the duty of the court under the provisions of 30 O. S. 1941 §11, as construed by this court.

The court's findings and judgment are reflected in the following excerpt from the judgment:

"The court finds that the Plaintiff herein is a fit person for the custody of the minor child and that the Defendant is a fit person for the custody of the minor child and that the custody of the minor child should be divided equally between the parties and that the Plaintiff should have the said child's care, keep and custody for a two week period and the Defendant should have the said child's care, keep and custody for a two week period, thereby alternating the care, keep and custody between the parties herein until the further order of this court and that the plaintiff shall pay to the defendant the sum of Thirty Dollars ($30.00) per month as child support commencing November 1, 1948, covering the period each month when Defendant shall have the care, keep and custody of said child."

The language of the statute (30 O. S. 1941 §11) follows:

"In awarding the custody of a minor, or in appointing a general guardian, the court or judge is to be guided by the following considerations:

"1. By what appears to be for the best interests of the child in respect to its temporal and its mental and moral welfare; and if the child be of sufficient age to form an intelligent preference, the court or judge may consider that preference in determining the question.

"2. As between parents adversely claiming the custody or guardianship, neither parent is entitled to it as of right, but, other things being equal, if the child be of tender years, it should be given to the mother; if it be of an age to require education and preparation for labor or business, then to the father."

In Wallace v. Wallace, 145 Okla. 303, 292 P. 1111, where a similar situation was involved, we had occasion to construe the statute and define the duty imposed upon the trial court thereby. We there stated in the syllabus the following:

"1. In awarding the custody of a minor child the court or judge is to

be guided by what appears to be for the best interest of the child in respect to its temporal, its mental, and its moral welfare.

"2. As between parents adversely claiming the custody of a minor child, neither parent is entitled to it as of right, but other things being equal, if the child be of tender years, it should be given to the mother; if it be of an age to require education and preparation for labor or business, then to the father."

Therein the child, a daughter, was near five years of age at the time of the divorce from which there was no appeal. By order of the court the mother was granted the custody of the child for the period of one month. Thereafter, by another order of court, the custody was given to the mother for one month and to the father for the next month, and it was from that order the mother appealed. This court upon application of the mother gave her the exclusive custody of the daughter pending the appeal. We there recognized that the trial court found, in effect, that both the mother and father were fit persons to have the custody, but for reasons as stated in the syllabus reversed the order of the trial court and made permanent the order of this court awarding custody to the mother. The effect of that holding is that where the mother is found to be a fit and proper person to have the custody of the child of tender years it becomes the duty of the court, under the statute, to so award the custody. In view of the express finding in the instant case that the mother was a fit and proper person to have such custody, we hold that the court erred in not awarding the exclusive custody to the mother.

In the respect mentioned the judgment is reversed and the cause remanded, with instructions to award the mother exclusive custody of Sherry Ann Blackwood with right of visitation in the father, and the further right to have said daughter visit him in his home if the trial court deems it proper so to do, his rights in either instance to be subject to such limitations as the court sees fit to impose. And the trial court is authorized to make such other and further order as the welfare of the daughter or the circumstances require.