**Lillie Mae GUESS, Plaintiff in Error,**

**v.**

**James GUESS, Defendant in Error.**

**No. 36207.**

Supreme Court of Oklahoma.

Sept. 14, 1954.

Bruce & Rowan, Oklahoma City, J. H. Stephens, Okmulgee, for plaintiff in error.

Harland A. Carter, Okmulgee, for de-fendant in error.

HALLEY, Chief Justice.

On October 22, 1951, James Guess filed a divorce action against Lillie Mae Guess in the District Court of Okmulgee County. A divorce was granted to the defendant on her cross-petition in December, 1951. James Guess was ordered to pay Lillie Mae Guess $300 as alimony and $50 per month for the support of their only child, William Leon Guess, then three years of age, whose custody was granted to Lillie Mae Guess with right of visitation by the father at reasonable times. James Guess was required to pay the court costs and a fee to the attorney for Mrs. Guess.

It is admitted that James Guess has complied promptly with all orders of the court requiring him to make the above payments.

On May 25, 1953, James Guess filed a motion to modify the divorce decree by giving him the custody of his son for June, July and August of each year, and relieving him of the payments for child support during the three months mentioned.

Upon hearing, the court granted the order to modify giving James Guess the custody of his son beginning on the second week-end after the close of school until the second week-end before school begins at the close of the summer, and giving the mother custody for one week during the summer months, to be agreed upon by the parties. James Guess was ordered to pay an attorney's fee of $100 and costs, but was relieved of paying the $50 per month for child support during July and August only, but he was required to pay the costs of all transfers of the child between the parties.

Lillie Mae Guess filed a motion to vacate the above order. Her motion was overruled and she has appealed. Her principal grounds for vacation are that the modification order is contrary to law; not supported by the evidence; and not for the best interest of the child.

The rule is firmly established that in awarding the custody of a minor child the best interest of the child is of paramount consideration. However, there are other facts and circumstances that should be considered. It is not always possible to determine with absolute accuracy what is for the best interest of the child. It has generally been held that a child of tender years, especially a girl, should be given to the mother, provided she is shown to be a fit and worthy person to care for the child. Just when a child ceases to be of tender years has never been definitely settled. The case of Blackwood v. Blackwood, 204 Okl. 317, 229 P.2d 602, 603, announces the generally accepted rules as to custody of a child as follows in the first and second paragraphs of the syllabus:

"In awarding the custody of a minor child, the court or judge is to be guided by what appears to be for the best interest of the child in respect to its temporal, its mental and its moral welfare.

"As between parents adversely claiming the custody of a minor child, neither parent is entitled to it as of right, but, other things being equal, if the child be of tender years, it should be given to the mother; if it be of an age to require education and preparation for labor or business, then to the father."

In Blackwood v. Blackwood, supra, the court had under consideration the permanent custody of the child. In Childers v. Childers, 202 Okl. 409, 214 P.2d 722, 723, the court said in the second paragraph of the syllabus:

"While the best interest of the minor child should be the paramount guide in considering a proposed change of custody, the rights and desires of both father and mother should be given consideration."

In Cochran v. Cochran, 198 Okl. 52, 174 P.2d 913, this court affirmed a decree giving custody of children to husband from June 15 to August 15 of each year. However, in that case the mother had removed the children to another state under the original decree granting her full-time custody.

The above decisions are all based upon the assumption that both mother and father are worthy to have the custody of their children. In the case before us there is no claim by either party that the other is unfit

to have the custody of their son who is now about six years of age and ready to enter school.

James Guess is a schoolteacher employed in an Oklahoma City school. He is required to attend summer school. His base pay is $3,100 per year, but after deductions he receives $255 per month. The order appealed from relieves him of the monthly payments of $50 per month as child support during July and August only.

James Guess has not remarried but resides during the summer when not attending school in Okmulgee with his mother who is 57 years of age and his sister who is also a schoolteacher, and proposes to keep his son in Okmulgee in their home during the months custody is granted to him, and he is ordered to pay all expenses of any transfers of the child between him and Lillie Mae Guess. As above stated James Guess appears to have met his financial obligations in full and he and his family are shown to bear a good reputation in Okmulgee.

Lillie Mae Guess has established a home in Oklahoma City with relatives where she is employed at a hospital, working five days each week. Like James Guess, there is nothing in the record to indicate that she is other than a good mother and fully qualified to have the custody of her son. She appears to have strong convictions and to bear the scars of her original divorce. She stated that she would prefer to have the monthly payments for child support cease rather than allow James Guess to have their son for the summer months. She appears to dislike the mother and sister of James Guess with whom he makes his home and where the child would live while in his custody.

Lillie Mae Guess contends that the mother and sister of James Guess do not like her or the child and that the modification effort is for the sole purpose of evading the child support payments during the summer months. These contentions do not appear to be supported by the evidence. If James Guess has the custody of the son during the summer, he will have the expenses of the child during that time.

James Guess is accused of neglecting to visit the child in Oklahoma City. The evidence shows that the child is often taken to Boley, Oklahoma, over the week-end and we are inclined to believe that Lillie Mae Guess is largely responsible for any neglect by James Guess on account of her bitterness towards him and his mother and sister, with whom he makes his home.

We think the original divorce decree properly gave full custody of the child about three years of age to its mother. The child is now about six years of age and ready for school. He is old enough to benefit from some association from his father who is a teacher. During most of the year the boy will be entirely with the mother, subject to visitation by the father at reasonable times.

The record convinces us that the father feels a genuine affection for his son and a desire to know him better. We find no support in the record for some of the statements found in the brief of Lillie Mae Guess which would attribute to James Guess's mother and sister ulterior motives in seeking the part-time custody of his only child.

Decrees for child support and custody may be modified upon proper showing at any time during the minority of the child. This wise provision of law acts as a safeguard against judicial errors and enables the courts to correct them promptly upon proper showing. Where both father and mother are shown to be worthy of the custody of a minor it becomes largely a matter of judicial discretion of the court.

We find no abuse of discretion in modifying the original divorce decree and such order is hereby affirmed.

JOHNSON, V. C. J., and WELCH, CORN, DAVISON, and WILLIAMS, JJ., concur.