**Loretta Genevieve WARREN,
Plaintiff in Error,**

**v.**

**Skip O. WARREN, Defendant in Error.**

**No. 39400.**

Supreme Court of Oklahoma.

Sept. 13, 1961.

Rehearing Denied Oct. 31, 1961.

G. C. Spillers, G. C. Spillers, Jr., Tulsa, for plaintiff in error.

Floyd L. Rheam, Clarence A. Warren, Skip O. Warren, pro se, Tulsa, for defendant in error.

BLACKBIRD, Vice Chief Justice.

This appeal involves an attempt to modify the provisions of the parties' divorce decree regarding the care, custody and support of their minor sons, Skip R., and Gary D., Warren, born in December, 1954, and February, 1957, respectively.

Defendant in error filed the suit for divorce, as plaintiff, in the trial court, on the ground of incompatibility, in September, 1958, about two months after he was released from active duty in the United States Air Force, in Denver, Colorado.

When defendant answered and cross-petitioned for the divorce to be granted her on the ground of mental and physical cruelty, plaintiff was unemployed and pursuing the study of law in Tulsa. Without the aid of any court, he had obtained possession of the two minor sons from defendant's mother, who also lived in Tulsa, and had been keeping them during the period of the couple's estrangement and defendant's unemployment. In said answer and cross-petition, defendant alleged, among other things, that she was then gainfully employed and prayed that she be awarded the sons' custody, and support money for them, in addition to the divorce.

█ The decree thereafter entered in December, 1958, granted the divorce to both parties on the ground of incompatibility, and, pursuant to an "understanding", or agreement, of the parties, awarded plaintiff custody of the minor sons each year from June 1st to November 30th, with defendant, still a resident of Colorado, to have custody the remainder of each year; and directed plaintiff to pay defendant $100 per month for child support during the six months of each year she had their custody, as well as to pay the costs of the boys' transportation back and forth between Colorado and Oklahoma, to fulfill this divided-custody arrangement.

Thereafter, in January, 1960, defendant married Donald E. Westbrook, quit her job, and she and this new husband established a home in an almost new, three-bedroom residence, estimated to be worth $17,-500, in a good residential area of Denver.

Thereafter, defendant filed the pleading entitled "Motion To Change Custody of Children", which brought about the hearing, out of which this appeal arose. In support of said Motion, based on a "change in conditions" since the original child custody and support provision was decreed, defendant cited the aforementioned facts concerning her remarriage, home ownership, and her resumption of the role of housewife, and also called attention to the fact that the elder of the couple's two sons would soon be old enough to attend kindergarten. The motion also alleged that, from the standpoint of school attendance, the division of the boys' custody between Denver and Tulsa on a 6-months basis was not only undesirable, but was obviously impracticable. She also alleged that plaintiff does not own his own home, that both he and his parents are employed during the working day, and that, during the period of the year when the boys are in plaintiff's custody, their care, during the working hours, " * * * is delegated to a maid, which is obviously a less desirable arrangement than * * * if they were * * * cared for by their own mother." Defendant's motion also alleged that, due to the increased cost of living, and the children's becoming older than when she was awarded the original allowance for their support, said allowance " * * * should be increased as * * * (the) court deems proper."

At the hearing, it was established that plaintiff is now employed as an attorney for the United States Corps of Engineers at an annual salary of $5,300 per year, his "take-home pay" being $330 per month; that he still resides in the home of his parents, and that his mother still works as secretary, though this was represented as only "part-time" employment. It was also established that defendant was expecting a baby to be born of her present marriage, in February of this year (1961).

It was agreed at the hearing, or virtually so, that, from the standpoint of character,

etc., both plaintiff and defendant are fit persons to have the boys' custody. It was shown that defendant's new husband has an understanding and thoroughly proper attitude and demeanor toward the boys, and it was stipulated that he is a person of exemplary character.

It was also revealed that, under the custody arrangement put into operation by the divorce decree—and even before that—when the boys have been in plaintiff's custody, a maid has looked after them when plaintiff's mother was away from her home working.

At the close of the evidence, plaintiff demurred to it, and thereafter the trial court overruled defendant's aforementioned motion and sustained said demurrer, specifically finding, in his order, that there had been no change of condition .shown to justify modification of the care and custody provisions of the divorce decree, and that it would be for the best interests of the children that said provisions remain in force.

Defendant has perfected the present appeal from said order.

For reversal, defendant contends that the undisputed evidence showed a change, since the divorce decree, in conditions affecting the matter of the boys' custody; and .that the order appealed from is contrary to law and to the evidence. She takes the position that, as the boys are of "tender years", she has a preferential right to their custody under Tit. 30, O.S.1951 § 11. She also earnestly maintains that it would be much better for the children to live in her home, at least during the nine months of the year when public schools are operating, where they will have the care and attention of their natural mother, at all times when it is available to other children, rather than having their school year interrupted, and being attended only by a maid, when plaintiff's mother is working.

、 ■ Plaintiff does not take issue directly with defendant's contention that it would obviously be impracticable and detrimental to the boys to continue their equally divided custody after they are of school age.

However, he seems to regard, as an answer to defendant's argument that her care is preferable to that of a maid in his parents' home, the fact that the same condition existed there when defendant agreed to that arrangement as a preliminary to entry of the divorce decree putting it into force. He also says defendant's motion was "premature", and that the older son will not enter school until September, 1961, and continues:

> "At that time, perhaps, another hearing should be had, and under Sec. 11, Title 30 O.S.A., when these two boys reach school age, the custody of the children during the school terms should be given to the father since that section in part, provides, that 'if it be of an age to require education in preparation for labor or business, then (the custody should be given) to the father.' "

We find no merit in plaintiff's position. In the recent case of Miracle v. Miracle, Okl., 360 P.2d 712, 715, where the child of the parents' marriage was approximately seven years old at the time this court's opinion was promulgated, and, as here, neither party contended that the other was unfit to have her custody, the evidence showed both parties to be above reproach, to possess all personal qualifications for custody, and to have evidenced proper parental love and concern for her, we held that the child, being "of tender years * * * and 'other things being equal' " the mother should be given custody. We will not here repeat what we there said, and have reiterated often, concerning "mother love", and its value to children of that age; but, it must be recognized as a major factor in any case of this kind.

In our opinion, no criticism of defendant is justified, as plaintiff infers, for having allowed her mother, and/or plaintiff's mother, to both participate in caring for the children during the short period immediately preceding and/or following her being left in Denver, with little or no provision for her financial needs, while she was unemployed, except for managing an apartment house in return for a reduction in her rent. There can be no question but that

there have been several material changes in defendant's situation, affecting her ability to give the boys the mother's care and custody they need at their ages. Also the starting time for the older boy's schooling is now at hand, and a change in his custody to facilitate that can no longer be regarded as "premature."

After carefully examining the record, and both the practical and legal aspects of the case, we think the court erred in sustaining plaintiff's demurrer and overruling defendant's motion, as to the custody of the boys. On the other hand, we find the evidence insufficient to warrant reversal of said court's judgment on the matter of increasing the child support payments.

In view of the foregoing, the order and/or judgment of the trial court is reversed in part and affirmed in part; and this case is remanded to said court with directions to vacate it, and enter an order modifying the divorce decree to the extent of granting defendant the care and custody of the couple's minor sons during that part of each year between the first of the month in which the regular school term commences in Denver, and the last of the month in which it ends there.