Joan Sharon MORROW (now Perrigo),
Plaintiff in Error,

v.

Robert Donald MORROW, Defendant
in Error.

No. 40169.

Supreme Court of Oklahoma.

June 18, 1963.

John W. Tillman, Fred A. Tillman, Don Hampton, Pawhuska, for plaintiff in error.

Thomas B. Preston, Denzil D. Garrison, Bartlesville, for defendant in error.

DAVISON, Justice.

This is an appeal from an order in a divorce action refusing to transfer custody of Victoria Morrow, the minor child of the

parties, from the father, Robert Donald Morrow (defendant) to the mother, Joan Sharon Morrow (plaintiff).

The record reflects that on November 17, 1959, plaintiff secured a divorce from defendant (on the ground of incompatibility) and was awarded the custody of said child, then about two and one-half years of age, with provision for child support to be paid by defendant; that plaintiff remarried and on June 1, 1960, the court, upon application of defendant, made an order transferring the care, custody and control of the child to defendant on the ground of change of circumstances; and that thereafter the plaintiff filed the present application to transfer the custody of the child to her, alleging a change of circumstances as to her and her husband, whereby plaintiff was able to fully and properly care for said child. At the conclusion of the hearing the court refused to change the custody of the child and plaintiff has perfected her appeal.

Plaintiff contends that under the evidence and law the action of the trial court was a clear abuse of discretion.

Briefly the evidence in support of plaintiff's application was that her husband had (about 11 months previously) re-enlisted in the U. S. Navy and intended to make the navy service a career and was stationed at a Navy Air Base in the State of Washington, and was an Aviation Ordnance man Second Class with pay of $395 and drawing flight pay of $80 per month; that they and their infant son occupied an apartment in Navy Housing; were furnished medical and hospital services, and with a school nearby; and that such military service was subject to change of location.

Defendant's evidence and other evidence regarding the 5 year old child of the parties was that defendant worked in his brother's service station and earned $320 plus commissions of $10 to $40 per month; that he and his present wife and the child lived in a 2 bedroom trailer house, 10 feet by 55 feet and costing $5000, located on the rear of his parent's property, but had no intention of moving from the City of Bartlesville; that the child was furnished the proper food and clothing and instruction and also corrective shoes for a weakness of the ankles and feet; and that she was in good health, attended Sunday School and had been enrolled in school.

The evidence further disclosed that the paternal grandparents visited with the child every day and were very fond of her; that the maternal grandparents were also in love with the granddaughter and very often took her to their home for short visits and that they visited with her on an average of once a week; that the child loved all of her grandparents.

A number of pictures were introduced in evidence showing that the child was being well cared for.

Both parties and their respective spouses expressed love and affection for the child. Neither party contended that the other was an unfit person to have custody. The trial judge expressed recognition of his discretion in the matter and that the welfare of the child was the paramount consideration of the court, and concluded the custody of the child should remain with the father where she would have the care and affection of the father and of the paternal and maternal grandparents; all of said grandparents residing in or near Bartlesville, Oklahoma.

The trial court also recognized and took into consideration the fact that the stepfather was in the navy and was subject to being moved from place to place in his chosen profession.

In Miracle v. Miracle, Okl., 360 P.2d 712, we quoted 30 O.S.1961, Sec. 11, as providing the guiding considerations for the court to follow in awarding custody of a minor child and further stated:

"We have consistently held that in awarding the custody of a minor, the court should give paramount consideration to what appears to be for the best interest of the child in respect to its temporal, mental and moral welfare. See Guess v. Guess, Okl., 274 P.2d 369.

And, we have held the action of a trial court in refusing to modify a child custody order or judgment will not be disturbed on appeal unless so clearly against the weight of the evidence as to constitute an abuse of discretion. See Adams v. Adams, Okl., 294 P.2d 831. * * *"

In Ness v. Ness, Okl., 357 P.2d 973, we said that there exists no rigid formula by which to measure the nature of proof necessary to establish a change in circumstances sufficient to justify a revision of the custody arrangements for children in divorce action.

From our examination of the record we cannot say that the order of the trial court is so clearly against the weight of the evidence as to constitute an abuse of judicial discretion.

Affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and JOHNSON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.